# Birmingham Ry. L. &. P. Co. *v.* Lee.

*Action for Injury to Passenger.*

(Decided Dec. 19, 1907. 45 South. 292.)

1. *Pleading; Demurrer; Construction.*—A demurrer asserting that the alleged negligence of defendant is not alleged to be the proximate result of injury to the plaintiff, is unintelligible and wanting in merit.

[Birmingham Railway L. & P. Co. v. Lee.]

2. *Carriers; Injury to Passengers; Negligence; Wantonness; Complaint.*—A complaint that alleges that defendant's servants wantonly and recklessly or intentionally injured plaintiff, while general, is sufficient to charge wanton or intentional injury.

3. *Same; Contributory Negligence.*—A plea setting up contributory negligence in that plaintiff boarded or negligently attempted to board a car, is too general, and is demurrable for not setting forth the manner of the boarding or attempted boarding of the car.

4. *Same; Wantonness; Evidence.*—It is admissible, on the issue of wantonness or willfulness, for the motorman to testify that it was his duty to see that every one ready to get on the car got on before it started, where the tendencies of the evidence showed that plaintiff was in the act of boarding the car, that the motorman saw or could have, with diligence, seen him making such an attempt when the car was started, and that the motorman was notified of plaintiff's physical infirmities and requested not to start the car until plaintiff was on board.

5. *Same; Boarding Moving Car; Contributory Negligence.*—Whether or not it is negligence for one to get on a moving car, or to attempt to do so, is dependent upon the speed of the car and other considerations surrounding the party at the time, and is usually a question for the jury, and not of law for the court.

5. *Same; Taking Up Passengers; Negligence of Motorman.*—It is the duty of the mortorman not to start his car if a passenger is getting on though having hold only of the handle of the car, and he has not done his full duty by ascertaining before he starts that no one is in the act of getting on the platform or steps.

7. *Same; Instructions.*—The failure of the crew of the street car to know that one is about to board the car may be negligence, as the crew, or some of them, are chargeable with the duty of knowing before starting that no one is in the act of boarding or attempting to board the car, and hence, a charge asserting that if plaintiff attempted to board the car after it had started and without the knowledge of the crew he could not recover, is properly refused.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. Nesmith.

Action by Peter Lee against the Birmingham Railway, Light & Power Company for personal injuries. From a judgment for plaintiff, defendant appeals. Affirmed.

The nature of the action and the pleading criticised are sufficiently stated in the opinion of the court. The second count was eliminated, and trial was had on the first, third, fourth, fifth, sixth, seventh and eighth counts. The first five counts were in simple negligence, and the seventh and eighth in wanton and intentional

injury. The first plea was the general issue, and the second plea contributory negligence, in that plaintiff negligently boarded or attempted to board said car while the same was in motion, whereby he fell and was injured. The third plea is sufficiently stated in the opinion. Evidence for plaintiff tended to show that plaintiff and his son were at one of the stations of defendant for the purpose of boarding the car to take passage thereon; that plaintiff was suffering from rheumatism and was not able to move in a hurry; that plaintiff's son notified the motorman of the condition of his father, and asked him not to start the car until his father got on; that several people got on ahead of him, and that when plaintiff caught hold of the handholds of the car on each side of the entrance the motorman was again requested not to start the car until the old man got on. The defendant's evidence tended to show that the plaintiff and his son reached the rear of the car after it had stopped, and as it started away from the station they ran along the length of the car, the son helping the father forward, and attempted to board the front end of the car while the car was in motion, and fell in the attempt, and that the conductor and motorman had no knowledge of their trying to do so.

The following charges were refused to defendant: "(1) If the jury find from the evidence that the plaintiff knowingly attempted to get on defendant's car after it started in motion from the station, plaintiff was guilty of negligence in doing so. (2) It was not the duty of the motorman to do more than ascertain and know before starting the car that no one was in the act of getting on the platform or steps of the car at the time he started it. (3) If the jury find from the evidence that plaintiff attempted to get on defendant's car when he knew it had started from the station and was

6 R

[Birmingham Railway L. & P. Co. v. Lee.]

in motion, then the plaintiff was guilty of negligence in doing so." (4) Affirmative charges as to the seventh count. (5) Affirmative charge as to the eighth count. (6) General affirmative charge. "(7) If the jury find from the evidence that plaintiff attempted to board defendant's car after it had started from the station and without the knowledge of the crew on the car, the jury must find a verdict for defendant. (8) If the jury find from the evidence that plaintiff in attempting to get on the car after it started from the station, fell and was injured without the knowledge of the crew, they must find for defendant. The other charges are affirmative charges on the other counts.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant. The court erred in overruling demurrer to the 1st count. The 7th count was in the alternative, and each alternative averment must be good to render the count proof against demurrer.—L. & N. R. R.. Co. v. Mitchell, 134 Ala. 261; B'ham Ry. L. & P. Co. v. Brown, in MS.. The court erred in refusing charges 1, 3, 7 and 8 requested by appellant.—Central R. R. & B. Co. v. Letcher, 79 Ala· 106; Ricketts v. Bir. St. Ry. Co., 85 Ala. 601; Watkins v. Bir. Ry. & E. Co., 120 Ala. 152; Central R. R. & B. Co. v. Meyer, 88 Ala. 260. The court should have given charge No. 2.

B. M. ALLEN, for appellee. In actions against common carriers the negligence relied on may be alleged in general terms.—Ensley R. R Co. v. Chewning, 93 Ala. 24; L. & N. R. R. Co. v. Jones, 83 Ala. 376. It cannot be said as a matter of law that it is negligence per se to attempt to board or alight from a moving car.—Bir. Ry. & E. Co. v. Clay, 108 Ala. 233; M. & E. R. R. Co. v. Stewart, 91 Ala. 424; Central R. R. & B. Co. v. Miles,

88 Ala. 256; *Bir. S. Ry. Co. v. Calderwood,* 96 Ala. 318; *Watkins v. Bir. R. & E. Co.,* 120 Ala. 147; *Bir. Ry. & E. Co. v. James,* 121 Ala. 121. If the danger is not obvious, it is not negligence per se to attempt to get off or board a moving train.—Authorities supra. In any event, it is a question for the jury.—*Armstrong v. Montgomery St. Ry.,* 123 Ala. 233; *Bir. Ry. L. & P. Co. v. Willis,* 143 Ala. 220. Where the evidence is in conflict as to the motorman's knowledge of his surroundings it becomes a question for the jury to determine whether or not the defendant was guilty of wanton or willful misconduct.—*Montgomery St. Ry. v. Rice,* 142 Ala. 677; *M. & C. R. R. Co. v. Martin,* 117 Ala. 367; *L. & N. R. R. Co. v Webb,* 97 Ala. 314. The counts in wanton or willful injury were good against the demurrers interposed. —*A. G. S. R. R. Co. v. Williams,* 140 Ala. 236; *City Delivery Co. v. Henry,* 139 Ala. 167. As to the duty of the employes relative to passengers getting on or alighting, see *Bir. Union Ry. Co. v. Smith,* 90 Ala. 60; *H. A. & B. R. R. Co v. Burt,* 92 Ala. 291.

HARALSON, J.—Demurrers to the first, third, fourth, and fifth counts were sustained, and these were afterwards amended and demurrers overruled.

The first assignment of error is, "that the alleged negligence of defendant is not alleged to have been the proximate result of the injuries to the plaintiff." The ground of demurrer—the only one insisted on—is wanting in intelligent merit, and it cannot be contended, that the negligence of the defendant "resulted" from the injuries to the plaintiff. If the averment had been, that the injuries of the plaintiff were not alleged to have been the proximate result of the negligence of defendant, a different and intelligent proposition would have been

presented. The ground of demurrer, therefore, is without consequence.

The seventh count avers that a servant or employe of defendant, whose name is unknown to the plaintiff, who had . charge or control of said car, wantonly and recklessly or intentionally injured plaintiff. The words, "wantonly or intentionally," are general averments of wantonness and intentional injury, which were sufficient averments thereof.—*Armstrong v. Railroad*, 123 Ala. 244, 26 South. 349. The word, "recklessly," as employed in connection with the others, is to be taken as expressing the same idea, or giving color to the wantonness alleged.—*A. G. S. R. R. Co. v. Williams*, 140 Ala. 237, 37 South. 255. If the count had averred that the act was done wantonly or recklessly, we would have had mere recklessness joined in the same count with wantonness or intentional injury of plaintiff, which could not be done.—*L. & N. R. R. Co. v. Orr*, 121 Ala. 489, 26 South. 35. The count was sufficient.—*M. & O. R. R. Co. v. George*, 94 Ala. 216, 10 South. 145.

A demurrer was sustained to defendant's third plea, because the averment was too general The plea sets up plaintiff's contributory negligence, for that, "plaintiff negligently boarded or negligently attempted to board said car." It should have set out the manner in which he boarded or attempted to board the car. .Whether a person is guilty of contributory negligence in getting on a slowly moving train, is a question for the jury and not a question of law for the court.—*B. R. L. & P. Co. v. Willis*, 143 Ala. 220, 38 South. 1016. Furthermore, defendant had the benefit, under its second plea, of whatever defence it could have claimed under the third plea.

Dorroughs, a witness for defendant, who was the motorman on the car, was asked by the plaintiff on the cross: "Don't you know it is your duty to see that ev-

erybody there, ready to get on the car, gets on before you start?" The defendant objected to the question, but assigned no grounds of objection. The witness replied that such was the duty of the motorman. Willfulness or wantonness was charged, and the evidence tended to show that plaintiff was in the act of boarding the train, and the motorman saw or could, with diligence, have seen, him in such an attempt, when he started his car. It further tends to show, that the motorman was actually notified of plaintiff's physical infirmity and his consequent slowness of gait, and was requested by the son of plaintiff not to start the car until the plaintiff could get in.—*M. & E. R. R. Co. v. Stewart,* 91 Ala. 422, 8 South. 708.

The first charge for defendant was properly refused. It is not always negligence for one to get on a moving car. It is owing to its speed and other considerations, and is a question generally for the jury to decide under all the evidence, and not a matter of law for the court. —*M. & E. R. R. Co. v. Stewart,* 91 Ala. 424, 8 South. 708; *C. R. & B. Co. v. Miles,* 88 Ala. 256, 6 South. 696; *H. A. & B. R. R. Co. v. Burt,* 92 Ala. 291, 9 South. 410, 13 L. R. A. 95.

The second charge was faulty. It limits the duty of the motorman to ascertain and know that before he started the car, no one was in the act of getting on the platform or steps of the car at the time he started it. If the passenger was in the act of getting on the car, even though he was not on the platform or steps, but simply had hold of the handles of the car, as the evidence tends to show was the case with the plaintiff, the duty not to start the car was on the motorman to observe.

For like reasons, and from others that have appeared, the third charge was properly refused.

The fourth was the general charge on the seventh count of the complaint. We have already passed on that count and held it to be good. The evidence tended to sustain it.

The other affirmative charges for defendant were properly refused.

The seventh charge was also properly refused. The failure of the crew to know that plaintiff was in the act of getting on, might be negligence of which the defendant could not avail itself, since the crew or some of them, were chargeable with the duty of knowing that no one was in the act of boarding or attempting to board the car before starting.

It was for the jury to determine whether the passenger acted as a reasonably cautious and prudent person would act, under like circumstances.—*Watkins v. B. R. & E. Co.*, 120 Ala. 152, 24 South. 392, 43 L. R. A. 297.

We find no error in the record and the judgment below is affirmed.

Affirmed.

TYSON, C. J., and ANDERSON and MCCLELLAN, JJ., concur.