# Birmingham Railway, Light & Power Co. *v.* Simpson.

*Injury to Person and Property on Track.*

(Decided May 9, 1912. 59 South. 213.)

1. *Appeal and Error; Harmless Error; Pleading.*—Where the facts admissible under a plea to which demurrer was sustained, are also admissible under another plea to which no demurrer was sustained, the sustaining of a demurrer to such plea is not prejudicial.

2. *Same; Evidence.*—Where a question is subsequently answered by a witness, the original error in sustaining objection to the question is rendered harmless.

3. *Same; Objection Below; Necessity; Instruction.*—An instruction that to constitute wanton negligence relied on for recovery, the

act complained of must have been committed with knowledge that it would probably result in injury, and that there must be recklessness, is good as far as it goes, and a party desiring a more complete definition must present a written request correcting any misleading tendencies, or he cannot complain on appeal.

4. *Same; Sufficiency.*—An objection to an instruction will not be considered on appeal where it fails to point out any specific defect, as it is too general.

5. *Same.*—An instruction which merely points out a difference between simple and wanton negligence defined in another charge is not prejudicial and if the adversary party believes that it is misleading he must request an explanatory charge before he can complain on appeal.

6. *Same.*—A charge defining wanton negligence and instructing the jury that they could have awarded punitive damages as a punishment for wanton negligence if defendant was guilty thereof, and that punitive damages were permitted to prevent a repetition of wanton negligence, is not an incorrect statement as far as it goes, and if misleading, the duty is on the adversary party to request explanatory instructions before he can complain on appeal.

7. *Trial; Reception of Evidence; Objection.*—Where it did not appear what the answer would be, nor what was proposed to be proved by a question to a witness, it was not reversible error to sustain objection to such question.

8. *Charge of Court; Confining Jury to One Theory.*—A charge which confines the jury to one theory of the evidence is properly refused.

9. *Damages; Personal Injury; Measure; Evidence.*—One suing for a personal injury causing diminished earning capacity may testify as to his experience in the various kinds of work which he had followed, as tending to show his earning capacity before and after the injury; the damages for diminished earning capacity not being measured necessarily by the kind of work performed at the time of the accident, or by the amount of the compensation then received.

10. *Street Railway; Collisions; Duty of Motorman and Travelers.*—When a motorman sees a driver approaching on the regular roadway used by travelers with his horse under control, he need not stop his car until it becomes reasonably apparent that the traveler's horse will go on the track in front of the car; and, where it is apparent that the driver sees the approaching car, and is near enough to the traveled part of the street to turn off the track, the motorman may presume that he will get off the track, until the traveler shows by his conduct that it is not his purpose to do so, or that he cannot do so, whereupon it becomes the duty of the motorman then to begin to stop the car to prevent the injury.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Action by J. A. Simpson against the Birmingham Railway, Light & Power Company. From a judgment

[Birmingham Railway, Light & Power Co. v. Simpson.]

for plaintiff, defendant appeals. Reversed and re-manded.

The second plea is as follows: "For further plea and answer to each count of the complaint, separately and severally, and says that the plaintiff is guilty of negligence which proximately contributed to his own injury, and which negligence consisted in this: Plaintiff negligently drove a young and spirited horse in close proximity to a railroad engine which was under steam, and in close proximity to the avenue along which plaintiff was driving when defendant's car was approaching, and when plaintiff knew that the said car was approaching, and that his said horse would likely be frightened by said engine and shy upon defendant's track and in front of the approaching car."

Assignments of error 3, 4, 5, 6, and 7 are to questions propounded to the plaintiff as to what kind of work he had done, and where, and his wages while engaged in such work.

The oral charge of court, which was excepted to, is as follows: "Now, the second and fourth counts of complaint are the counts that allege wanton negligence, and to constitute wanton negligence the act, at the time it was committed, must be committed with knowledge and consciousness that it would probably or likely or naturally result in injury. That is what it takes to constitute wanton or willful negligence. There must be a recklessness, and the act must be done with the consciousness at the time that it is—that it will probably or naturally or likely result in injury. That is what it takes to constitute willful negligence, and the proof would have to come up to that requirement to entitle this plaintiff to recover under the fourth count of the complaint." This was assignment 8.

Assignment 9 was as follows: "The court erred in charging the jury that simple negligence is an act or an omission to act where the law imposes upon a party the duty to act. No intention or wantonness enters into simple negligence."

The tenth assignment of error is as follows: "The court erred in charging as follows: 'If you should decide this defendant has been guilty of any wanton or willful negligence, as alleged in the second and fourth counts, you could then give this plaintiff what is known as "vindictive damages" or "smart money," and you would be allowed under those circumstances to give him such sum, give this plaintiff such sum, within your judgment you agree to give him. It would go to the plaintiff, but it is administered as a rebuke or as a punishment to the defendant for being guilty of willful or wanton negligence. They allow this punitive damages for the purpose of hindering a repetition of any willful or wanton negligence on the part of this defendant against or on the part of any one else that might be guilty of any wanton or willful negligence.' "

The following charges were refused to defendant:

(11) "The court charges the jury that if they believe from the evidence that plaintiff was driving down Caroline avenue in his cart, with the horse hitched thereto under control of the plaintiff, and traveling down the regular roadway used by travelers on said avenue, and that the car of defendant was approaching the plaintiff down said avenue, then the motorman in charge of the said car was under no duty to stop the said car until it became reasonably apparent that plaintiff's horse would go upon the track in front of said car and likely cause plaintiff injury by a collision with said car."

[Birmingham Railway, Light & Power Co. v. Simpson.]

(13) "The court charges the jury that if the motor-man in charge of defendant's car, when 75 or 100 yards away, saw the plaintiff on the track of defendant, but it also became apparent that the plaintiff saw the approaching car, and was near enough to the traveled part of the street to have readily turned off the track and out of the way of danger, the motorman would have the right to presume that the plaintiff would get off the track, out of danger, until by his conduct he showed that it was his purpose not to do so, or that he could not get out of the way of danger; and it would be the motorman's duty to begin to stop the car only from the moment that plaintiff's conduct made it reasonably manifest that he did not intend to get out of the way, or when from plaintiff's position it became reasonably apparent that he could not reasonably get off the track."

(14) "The court charges the jury that if they believe from the evidence that the plaintiff was driving down Caroline avenue in his cart, with the horse hitched thereto under control of the driver, and traveling down the regular roadway used by travelers on said avenue, then the motorman in charge of the said car would be under no duty to stop the car until it became reasonably apparent that the plaintiff's horse would go or shy upon the track in dangerous proximity to the approaching car."

TILLMAN, BRADLEY & MORROW, and FRANK M. DOMINICK, for appellant. The plaintiff claimed for permanent injuries, and introduced Dr. Waller as to the extent of his injuries, and defendant should have been permitted to ask him on the cross if he did not attempt to allay plaintiff's fears as to any permanent injury from spitting of blood.—*Beck v. B. R. L. & P. Co.*, 55

South. 428. The court erred in allowing plaintiff to testify as to other work in which he had been engaged prior to his injury.—*Ala. S. & W. Co. v. Griffin,* 149 Ala. 423; *A. G. S. v. McWhorter,* 156 Ala. 283; *Beck v. B. R. L. & P. Co., supra.* The court erred in defining wanton negligence.—*Peters v. So. Ry.,* 135 Ala. 537; *M. J. & K. C. v. Smith,* 153 Ala. 127; *B. R. & E. Co. v. Bowers,* 110 Ala. 328. The court also erred in its definition of simple negligence.—*T. C. I. & R. R. Co. v. Smith,* 55 South. 170; *So. Ry. v. Williams,* 143 Ala. 217; Sherman & Redfield, secs. 3 and 5; *Bridgeport W. Co. v. Goodwin,* 132 Ala. 535; *Reiter-Connolly M. Co. v. Hamlin,* 144 Ala. 202; *A. C. G. & A. v. Bullard,* 157 Ala. 622. The court did not lay down the proper measure of damages.—*Coleman v. Pepper,* 159 Ala. 310; *L. & N. v. Bizzell,* 131 Ala. 429. Charge 8 should have been given.—*Swope's Case,* 115 Ala. 306; *Burgess' Case,* 114 Ala. 594. Charges 11 and 14 should have been given.—*Schneider v. Mobile L. & R. Co.,* 146 Ala. 344; *Randle v. B. R. L. & P. Co.,* 158 Ala. 535; *Anniston E. & G. Co. v. Rosen,* 159 Ala. 202. Charges 12 and 13 should have been given.—*So. Ry. v. Bush,* 122 Ala. 484.

FRANK S. WHITE & SONS, and MATHEWS & MATHEWS, for appellee. Plea 2 was not a good answer to count 1. —*Creola L. Co. v. Mills,* 149 Ala. 482; *L. & N. v. Calvert,* 54 South. 185; *Osborn's Case,* 135 Ala. 571. The plea was alleged in the alternative.—*Mont. St. Ry. v. Shanks,* 139 Ala. 489. In any event, defendant had the benefit under plea 3 of all the evidence permissible under plea 2.—*Smith v. Davis,* 150 Ala. 106; *B. R. L. & P. Co. v. Lee,* 153 Ala. 84; *Creola L. Co. v. Mills, supra.* The questions of Dr. Waller did not indicate what answer was expected or what evidence it would

bring out.—*Ross v. State,* 139 Ala. 144; *Carwile v. Carwile,* 131 Ala. 606; *Parham v. State,* 147 Ala. 65. It was competent on the question of decreased earning capacity to ask plaintiff as to his experience in various other works, and the compensation paid therefor. —*Ala. S. & W. Co. v. Griffin,* 149 Ala. 433; *R. & D. R. R. Co. v. Hammond,* 93 Ala. 181; *L. & N. v. Orr,* 91 Ala. 548; 8 A. & E. Enc. of Law, 944. The oral charge of the court excepted to was correct as far as it went, and if defendant considered it misleading, it became its duty to request explanatory instructions, and this duty it performed when it requested and had given charges 10, 11, 26, 34 and 36.—*Knight v. State,* 160 Ala. 63; 1 Mayf. 166. In any event, the charges were correct.—*A. G. S. v. Guest,* 144 Ala. 373; *L. & N. v. Brown,* 121 Ala. 221; *L. & N. v. Banks,* 132 Ala. 471; *A. G. S. v. Burgess,* 114 Ala. 588. A general exception to a charge is not sufficient.—*B. R. L. & P. Co. v. King,* 149 Ala. 504; *Decatur C. W. Co. v. Mehaffey,* 128 Ala. 24. Charge 8 was properly refused.—*L. & N. v. Young,* 153 Ala. 232; *A. G. S. v. Yont,* 165 Ala. 547. The court properly denied charges 11, 12, 13 and 14.— *Mont. St. Ry. v. Smith,* 146 Ala. 326; *Tutwiler v. Burns,* 160 Ala. 386; *C. of Ga. v. Hyatt,* 151 Ala. 355; *Wes. S. C. & F. Co. v. Cunningham,* 158 Ala. 369.

MAYFIELD, J.—This action is one for personal injuries. While appellee was driving a spirited horse, the cart to which the animal was attached collided with one of appellant's electric street cars, throwing appellee from the vehicle and injuring him. The plaintiff claimed that the horse became frightened and unmanageable; that while plaintiff was trying to control the horse it got upon defendant's street car track; and that, on account of the negligence or wantonness of

[Birmingham Railway, Light & Power Co. v. Simpson.]

defendant's motorman, the cart in which plaintiff was riding was struck by defendant's car, throwing plaintiff therefrom and injuring him. The accident occurred on one of the public streets or avenues of the city of Bessemer, Ala.

The defendant claimed that, as plaintiff was driving in a road near defendant's car tracks, his horse became frightened at an engine on another and different railroad, and ran the cart into or against defendant's car, thus causing the injury. The pleadings were so drawn as to raise these issues, together with that of contributory negligence, upon which the case was tried; and the trial resulted in verdict and judgment in favor of plaintiff in the sum of $2,500. The issues were therefore simple negligence, subsequent negligence, contributory negligence, and wantonness.

Count 1 declared on simple negligence, count 3 on subsequent negligence, and counts 2 and 4 as for wantonness. Count 3 was charged out by the court, and of course appellant cannot complain of this. The phases of contributory negligence will therefore be treated as applicable to count 1 only.

The first error assigned is the court's action in sustaining a demurrer to plea 2. This plea, we think, was subject to the demurrer interposed, but whether so or not it has, for all practical purposes, a duplicate in plea 3. They set up substantially the same defense—contributory negligence—and the same evidence was admissible under each. If the defendant would have been entitled to a verdict under plea 2, he would equally have been entitled to it under plea 3.—*Smith v. Davis,* 150 Ala. 106, 43 South. 729; *Creola Lumber Co. v. Mills,* 149 Ala. 474, 42 South. 1019; *Birmingham, etc., Co. v. Lee,* 153 Ala. 84, 45 South. 292.

There was no reversible error in sustaining the objection to the question propounded to Dr. Waller as to his attempting to allay the fears of plaintiff touching the permanency of the injury he had received. It does not appear what the answer would have been, nor what was proposed to be proven. Moreover, it appears that the witness did testify fully as to this matter, and did in effect answer the question fully.—*Tolbert v. State,* 87 Ala. 27, 6 South. 284; *Ross v. State,* 139 Ala. 144, 36 South. 718.

There was no error in allowing the plaintiff to testify as to his experience in various kinds of work which he had followed. This was competent to show the plaintiff's capacity to earn a living and make money before and after the injury, and therefore to show the extent of damages sustained, if such there were, through impairment on account of the injuries complained of.

The plaintiff is not limited, in actions like this, where his earning capacity was diminished by the injury, to damages admeasured by the kind of work he was performing when injured, or by the particular amount of compensation he was receiving.—*Ala. Steel & Wire Co. v. Griffin,* 149 Ala. 438, 42 South. 1034; *L. & N. R. Co. v. Orr,* 91 Ala. 549, 8 South. 360; *R. & D. R. Co. v. Hammond,* 93 Ala. 181, 9 South. 577; *Central Foundry Co. v. Bennett,* 144 Ala. 184, 39 South. 574, 1 L. R. A. (N. S.) 1150, 113 Am. St. Rep. 32. There is therefore nothing in assignments 3, 4, 5, 6, and 7.

There was no error in that part of the oral charge excepted to, which is made the basis of the eighth assignment of error. This part of the charge was not an attempt to define wanton negligence, nor to state all the elements thereof, nor the exceptions to the gen-

eral rule. Certainly the defendant has no ground to complain. There is nothing in that part of the charge that is objectionable. It may be that a definition of wantonness should be fuller, and, if this had been intended to define the subject, it could have been improved upon; but we see no reversible error in it. It was liable to explanation, and was fully explained by the court; the subject being amply defined by written charges requested by the defendant. This was proper to correct any misleading tendencies, and it affirmatively appears that, if any there were, they were so corrected. The objection was also too general and failed to sufficiently point out any specific defect.

There is nothing in the ninth assignment of error. What was said with regard to the eighth assignment is applicable to this. This part of the charge excepted to was not an atempt to define simple negligence, but merely to point out a difference between it and wanton negligence and willful injury.

There was no attempt in that part of the charge to define actionable negligence and that which is not actionable. If it was thought that this remark of the court could possibly mislead the jury (but we do not see how it could), explanatory charges should have been requested.

When the court is speaking of negligence, it is not necessary every time the word is used, to distinguish between that which is actionable and that which is not, and, when it is speaking of a killing, it is not necessary always to distinguish between killings that are felonies and those that are not. Any probable misleading tendencies can be and are corrected by explanatory charges.

That part of the oral charge excepted to relating to punitive damages, made the basis of the tenth assign-

ment of error, is probably subject to misleading tendencies, but it could and should have been corrected by explanatory charges. The law is not incorrectly stated. While the language used might be capable of misleading the jury, yet it had no such necessary tendency to mislead as would work a reversal.

The defendant had no right to confine the court or the jury, by a mere charge, to any one theory or phase of the evidence, as was attempted by the eighth charge. Its refusal was therefore proper.

Charges 11, 13, and 14, requested by the defendant, as applied to the pleadings and the proof, seem to us to be correct. Their refusal was error. The law upon this subject, and this particular phase of the subject, has been often and fully stated by the courts. These charges seem to us to have been intended to have the law upon the subject raised by the pleadings, applied to one phase of the evidence, strongly supported, the theory of which appears to be the true theory of the case. In the case of *Schneider v. Mobile Light & Railroad Company*, 146 Ala. 344, 40 South. 761, the law upon this subject, as applied to the particular issue raised by the pleadings, and the corresponding phase of the evidence, is thus stated by this court: " 'The sum of the adjudicated cases bearing upon the relative rights of street cars and citizens traveling in vehicles drawn by horses or other animals is that both have a right to the use of the streets, but that neither has the exclusive right.' The motorman of a street car is not necessarily obliged to stop his car when he sees a man driving in a vehicle along the line of railway ahead of the car, but he may continue to run the car in a proper manner until he is conscious of the fact that the driver is unaware or heedless of his danger. When he is thus conscious, it is his duty

to use all reasonable care and diligence to avoid running the car onto the vehicle. Seeing a man driving along the track, the motorman may assume that he will turn aside and out of the way of the car; but he cannot rest on the assumption so long as to allow his car to reach a point where it will be impossible for him to control his car or give warning in time to prevent injury to the man or vehicle. In other words, 'if a person be seen on the track of a street railway, it may be assumed, if the person be an adult, that he will leave the track before the car reaches him, and this presumption may be indulged so long as danger does not become imminent, but no longer. From the time that danger is seen to be imminent, it becomes the duty of the motorman to use the highest degree of care to arrest it, and a failure to do so will constitute culpable negligence, which may or may not fix liability, as that question may be affected by contributory negligence.' " —See, also, *Bush's Case*, 122 Ala. 471, 484, 26 South. 168.

The undisputed evidence is that a proper lookout was kept by the motorman, and that the plaintiff was seen as soon as it was practicable. The plaintiff, himself, in effect so testifies. These charges, however, did not request a finding for defendant, nor did they attempt to state the law as to the duty to keep a lookout, or as to any other duty save that to stop the car, as applied to the issues and the evidence of this case; and for this reason they appear to be correct and free from error.

For the errors pointed out, the judgment must be reversed and the cause remanded.

Reversed and remanded. All the Justices concur, except DOWDELL, C. J., not sitting.