# McCaskey Register Co. *v.* Nix Drug Co.

*Assumpsit.*

(Decided February 6, 1913. 61 South. 484.)

1. *Pleading; General Issue; Effect.*—A plea of the general issue with leave to give in evidence any matter that might be specially pleaded authorized the defendant to take advantage of any matter of defense which might have been specially pleaded in bar of the suit, and so authorized him to show that the note or contract on which the suit was brought was procured by fraud.

[McCaskey Register Co. v. Nix Drug Co.]

2. *Appeal and Error; Showing Error; Necessity.*—Where suit was brought on a note payable in installments, and on a special contract, and the bill of exceptions recites that plaintiff introduced a certain note and a certain special contract in evidence, but neither the note nor the contract so introduced is set out therein, no error in the judgment rendered for defendant is shown, as for aught that appears defendant might have been entitled to an affirmative charge, under the express terms of the contract itself.

3. *Same; Assignment of Errors; Joinder.*—Where several matters are made the subject of a single assignment of error, the assignment is not sustained, if any of the matters relied on has been properly determined.

4. *Same; Exception; Necessity.*—Where it does not appear that an exception to a part of the court's oral charge was taken and reserved pending the trial, and before the jury returned, it will not be considered on appeal.

5. *Trial; Reception of Evidence; Objection.*—An objection to an improper question must be taken before the witness answers.

6. *Same; Reception of Evidence; Objection.*—Where the bill of exceptions does not contain the question but shows that an objection was made to the answer, it will be presumed that the answer was responsive to the question, and that the objection was properly overruled.

7. *Same; Statement of Counsel; Motion to Exclude.*—Where no objection was made by plaintiff to statement of defendant's counsel, and no motion made to exclude it, no error can be predicated thereon.

8. *Appeal and Error; Right to Allege.*—A plaintiff cannot allege error in the admission of evidence which was brought out on its own examination of the witness, and which it did not move to exclude.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Assumpsit by the McCaskey Register Company against the Nix Drug Company. Judgment for defendant and plaintiff appeals. Affirmed.

R. P. COLEMAN, for appellant. Parol evidence was not admissible to vary the terms of the contract.—*Town of Brewton v. Glass*, 116 Ala. 633; *Barnard Mfg. Co. v. Citronelle M. Co.*, 148 Ala. 666; 17 A. & E. Enc. of Law, 443. Before secondary evidence becomes admissible as to the contents of a document, notice to produce it is necessary if it is actually or presumptively in the possession of the adverse party.—*Mooney v. Hough*, 84 Ala.

80; *Power v. Hatter,* 152 Ala. 636. Under the issues fraud was not admissible as the plea interposed amounts to nothing more than the general issue.—*Main v. Radney,* 39 South. 981. The fact that defendant manager was ignorant of the contents of the contract was his own folly and inadmissible.—*Bank of Guntersville v. Webb,* 108 Ala. 132; *Main v. Radney, supra.*

ESPY & FARMER, for appellee. Neither the note nor the contract is set out in the bill of exceptions, and for aught that appears, plaintiff did not make out a case or show liability against defendant.—*Brock v. Forbes,* 126 Ala. 319; *Glass v. Myer,* 124 Ala. 32. Under these circumstances it will be presumed that the contract contained clauses rendering all the evidence relevant and permissive.—*Griffin v. Bass,* 135 Ala. 490; *Bienville W. W. Co. v. Mobile,* 125 Ala. 178. It thus appears that the matters complained of cannot properly be made the basis of assignments of error to reversal, as the presumption is always indulged to sustain the judgment of the trial court, that there was no error.

PER CURIAM.—There were two counts to the complaint. The first count declared upon a promissory note, payable in monthly installments of $15.12 each. The second count declared upon a special contract whereby the Nix Drug Company, the defendant in the court below (appellee here), ordered a certain register from the plaintiff in the court below (appellant here), and agreed to pay for the same in installments. The bill of exceptions discloses that the case was tried upon the "plea of the general issue, with leave to give in evidence any matter that might be specially pleaded." That plea enabled the defendant to take advantage of any matter of defense which might have been specially

pleaded in bar of the suit, and, to be specific, authorized the defendant to offer evidence tending to show that the note or contract, the foundation of the suit, was procured through fraud, and was therefore not binding upon it.—*Converse Bridge Co. v. Collins,* 119 Ala. 534, 24 South. 561. There was a jury and verdict for the defendant, and from the judgment pronounced upon that verdict the plaintiff appeals.

2. The bill of exceptions discloses that the plaintiff introduced a certain note and also a certain contract, but it fails to set out either the note or the contract so introduced. It may be that the note and contract so introduced were the note which is described in the first count of the complaint, and the contract which purports to be set out in hæc verba in the second count of the complaint, but we do not know this. Bills of exceptions are construed most strongly against the appellant, and all legal intendments are with the trial judge. He cannot, in any of his rulings, be put in error, unless error on his part is affirmatively shown. As neither the note nor the contract is set out in the bill of exceptions, we do not know what their terms were, and it may be that, under their very written terms, the defendant was entitled to the general affirmative charge. It is probable that this is not true, but we are not authorized in passing upon a question of this sort to consider probabilities. "It would be an unsafe practice for this court to presume the trial court erred when the facts upon which the ruling was predicated are not before this court."—*Nelson v. Shelby Mfg. Co.,* 96 Ala. 530, 11 South. 701, 38 Am. St. Rep. 116; *Barwick v. Rackley,* 45 Ala. 217. It may be, for aught that is shown by the bill of exceptions, that the original contract which the bill of exceptions say was introduced in evidence contained a clause providing that the defend-

ant could reasonably countermand the order for the reg-
ister, or that, if upon the receipt of the register the de-
fendant elected not to keep it, the register could be re-
turned at the cost of the plaintiff, and that the defend-
ant's note would be canceled and returned to it. While
all of this may not be true, we do not from the bill of
exceptions know what the recitals of the contract were,
and therefore do not know that this situation did not
exist. It follows, therefore, that the plaintiff was, so
far as the bill of exceptions discloses, not entitled, for
the above reasons, if for no others, to the general af-
firmative charge which it requested the trial judge to
give to the jury in its behalf.

3. It has been frequently decided that an objection
to a question calling for improper testimony should be
made before the answer to the question is given by the
witness. A party cannot be permitted by delaying to
object to a question before it is answered to speculate as
to what the answer to the question will be, and then, if
the answer is responsive and is unfavorable to him, put
the trial judge in error if the trial judge refuses his
motion to exclude such answer.—*W. U. Telegraph Co. v.
Bowman,* 141 Ala. 175, 37 South. 493; *Dowling v. State,*
151 Ala. 131, 44 South. 403; *B. R., L. & P. Co. v. Taylor,*
152 Ala. 105, 44 South. 580.

Where the bill of exceptions shows that an objection
was made to the answer of a witness to a question, but
the question calling for such answer of the witness is
not set out in the bill of exceptions, the answer will be
presumed to have been responsive to the question; and,
when there was no objection to such question, a mere
objection to the answer comes too late.—*Southwestern
Ry. of Ala. v. Maddox,* 146 Ala. 539, 41 South. 9. The
above considerations dispose of the first, second, and

third assignments of error adversely to appellant's contention.

4. During the progress of the trial, when certain evidence was being offered, the counsel for the defendant stated to the court that "we are declaring that this note is made under fraud." When that statement was made, no objection was taken to it by the plaintiff and no motion was made to exclude it. In fact, that remark or statement was never, at any time, objected to by the plaintiff, and at no time was any motion made to exclude it.

Nevertheless that statement is, along with certain testimony, made the basis of the fourth assignment of error. The rule seems to be well established that, where several matters are made the subject of one assignment of error, then if, as to one of such matters, the trial court cannot be put in error, the entire assignment is not sustained but must fall. An assignment of error cannot be good in part and bad in part.—*Aetna Life Ins. Co. v. Lasseter,* 153 Ala. 630, 45 South. 166, 15 L. R. A. (N. S.) 252; *Brent v. Baldwin,* 160 Ala. 635, 49 South. 343. The above consideration, in connection with what we have said on the other assignments, disposes, adversely to the appellant's contention, of the fourth assignment of error.

5. While the plaintiff was examining as a witness one Nix, the plaintiff brought out of said witness the following statement: "But at that time I did not think that was a note." There was no objection to that statement of the witness, and no motion to exclude it. As already stated, the plaintiff brought that evidence out, and did not move to exclude it. Nevertheless that particular statement is joined along with other matters, and made the basis of the fifth assignment of error.

[Western Union Telegraph Company v. City of Troy.]

6. The exception taken by the plaintiff to a part of the oral charge of the court is not shown to have been taken pending the trial and before the jury retired. For that reason, if for no other, that exception cannot be considered.

We find no error in the record, and the judgment of the court below is affirmed.

Affirmed.

The foregoing opinion was prepared by Judge DE GRAFFENRIED before he was appointed to the Supreme Court, and is adopted by this court as its opinion.