# Central of Georgia Ry. Co. *v.* Mathis.

## *Injury to Passenger.*

(Decided December 18, 1913.  64 South. 197.)

1. *Carriers; Passengers; Injury; Negligence.*—A railway company is required to stop a train long enough to afford its passengers a reasonable opportunity to alight safely, and is liable for injuries resulting from a failure to do so, whether the conductor knew of the passenger's dangerous condition or not; but where a train has stopped a reasonable length of time, the conductor may assume that all passengers have alighted, in the absence of a contrary knowledge.

2. *Same; Discovered Peril.*—After a train has stopped a reasonable time for passengers to alight, a liability for injury to passengers in alighting must be based upon the conductor's actual knowledge of the danger to a passenger in alighting, in the starting of the train, or the circumstances must be such as to lead him to reasonably believe that the passenger is in peril.

3. *Same.*—While simple negligence may be grounded either upon actual knowledge of a passenger's position of peril in alighting, or upon a duty to know thereof, to establish wanton negligence in that respect, the persons in charge of the train must have had knowledge of the passenger's perilous condition at the time the train was started while in the act of alighting.

4. *Same; Wanton Negligence.*—Where a passenger train was not stopped long enough for passengers to alight, wanton negligence in starting the train may be based upon knowledge of the train men of the general condition as to the likelihood of passengers being in the act of alighting when the train started, so as probably to injure them.

5. *Same.*—Where a train has stopped a reasonable length of time to allow passengers to alight, in order to constitute wanton negligence in starting it while a passenger is alighting it must have been intentionally started with a present knowledge of the probable consequences of the act and a reckless indifference thereto.

6. *Pleading; Repugnancy.*—A count charging both wanton and simple negligence is repugnant and inconsistent, and a demurrer to such a count grounded on the fact that there was a misjoinder in that two separate causes of action were joined in one count rendering the count inconsistent and repugnant is sufficient to point out that defect.

7. *Appeal and Error; Harmless Error; Pleading.*—Error in over-ruling a demurrer to a count joining simple negligence and wanton injury is not rendered harmless by the fact that the complaint contained two counts properly charging simple negligence alone, while the bad count only charges wanton negligence, and was submitted to the jury only as a good count on wanton negligence.

8. *Same; Review; Instructions.*—Where the bill of exceptions fails to show that instructions were requested before the jury retired, the refusal of such instructions will not be reviewed.

9. *Evidence; Best Evidence.*—Where the action was for personal injuries received while alighting from a train, evidence offered by plaintiff that she purchased a ticket from one station to the station at which she was alighting when injured was not objectionable on the ground that there was better evidence, as the evidence was not offered for the purpose of showing the contents of the ticket, but merely to show its existence as showing the relation of passenger and carrier.

APPEAL from Geneva Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by Ella Mathis against the Central of Georgia Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Count 1 of the complaint is. as follows: After stating that defendant was common carrier of passengers for hire between certain points in the state, and that plaintiff, on a certain day, purchased and paid for a ticket for transportation between said points, and took passage for said point, it is averred that, "the defendant's servant or servants operating and controlling said train put said train in motion while plaintiff was in the act of leaving said car, to plaintiff's great peril; that the porter belonging to said train saw plaintiff's said peril, and signaled the engineer to stop said train (the latter on information and belief), which said signal· was not heeded by said engineer, and, while said train was so moving out from said station, said porter pulled plaintiff from said car while she was on the plat-

form or steps thereof, and caused her to fall heavily upon the ground, when she was hurled under the edge of said train by the momentum thereof, and was [here follows catalogue of injuries]; and plaintiff avers that defendant's servant or servants operating said train knew that Malvern was a regular station on said railroad for taking on and letting off passengers, and knew that said train did not stop long enough for passengers to leave its cars without great peril, and knew or would have known of plaintiff's peril but for the wanton and reckless indifference to the consequences of so putting said train in motion while plaintiff was so in the act of leaving said car; and plaintiff charges and avers that the act of said defendant's servant or servants in putting said train in motion while plaintiff was in the act of leaving said car at said station, and failing to stop said train when plaintiff's peril was known or would have been known to defendant's said servant or servants operating said train but for the wanton and reckless indifference to all consequences, was negligence on the part of defendant's said servant or servants operating said train, and gross and wanton negligence on the part of defendant's said servant or servants, by which said gross and wanton negligence of defendant's said servant or servants operating said train plaintiff avers that she suffered the aforesaid injuries, to the damage of plaintiff," etc.

The demurrers are that the complaint contains a misjoinder, in that two separate and independent causes of action were joined in one count, and that on account thereof said count is inconsistent and repugnant. The demurrers also raise the point that the complaint shows that the train was stopped at the station, and, for aught that appears, it was stopped a sufficient length of time to permit plaintiff to alight, and that it fails to allege that the conductor or engineer had any notice or knowl-

edge or anything to put them on notice of plaintiff's position of peril.

Counts A and B were added by way of amendment; count A counting on the simple negligence in the negligent way in which defendant then and there conducted its said business, by reason of which plaintiff received the injuries complained of. The other count contains practically the same allegations of negligence, though varying in the form of expression.

BENJ. F. REID, for appellant. The court was in error in overruling demurrer to counts A and B.—131 Ala. 422; 160 Ala. 287. The court erred in admitting evidence as to the ticket as it was as to its contents.— *Griffin v. State,* 129 Ala. 93. An appellee cannot be allowed to give professional testimony in her own behalf.—*C. of Ga. v. Clements,* 2 Ala. App. 530. Dr. Smith should not have been permitted to testify as he did.—*Mobile L. I. Co. v. Walker,* 58 Ala. 290; *Nelson v. State,* 130 Ala. 83; *L. & N. R. R. Co. v. Lee,* 97 Ala. 325. On these same authorities, the charges raising these questions should have been given. The court improperly refused the other charges requested by defendant.—*C. R. & B. v. Letcher,* 69 Ala. 106; *S. & N. v. Schaufler,* 75 Ala. 136; *Bir. U. R. R. Co. v. Smith,* 90 Ala. 60; *L. & N. v. Lee,* 97 Ala. 325.

C. D. CARMICHAEL, for appellee. The complaint was sufficient.—*Armstrong v. Mont. St. Ry.,* 123 Ala. 233; *K. C. M. & B. v. Matthews,* 142 Ala. 298. There was no error in permitting plaintiff to testify as to the purchase of the ticket.—*Durrough v. Harrington,* 148 Ala. 305; 6 Cyc. 571. There was no error in permitting plaintiff to testify as to her condition.—*Ray v. State,* 126 Ala. 9; *Caddell v. State,* 136 Ala. 9. The physician was properly permitted to testify to the plaintiff's suf-

fering, and that she complained of suffering.—*Mont. St. Ry. v. Shanks,* 139 Ala. 489. Charges 1 and 2 were properly refused.—*So. Ry. v. Morgan,* 171 Ala. 299; *N. C. & St. L. v. Casey,* 1 Ala. App. 344. Charge 4 was properly refused.—*Anderson's Case,* 109 Ala. 299. Charge 11 was properly refused.—*L. & N. v. Markee,* 103 Ala. 160.

THOMAS, J.—The appellee, who was a passenger on one of defendant's (appellant's) trains, brings this action for injuries received while attempting to alight from the train upon its reaching her destination, and as a result of the train's having been set in motion for leaving the station before she landed safely on the ground.

The law is well settled that defendant, who operated an ordinary railroad, was under duty to plaintiff as a passenger to stop its train a sufficient length of time at the station to allow plaintiff a reasonable opportunity to alight therefrom with safety, and is liable to her for all injuries received by her in attempting to alight which were sustained as a proximate result of its negligence in breaching said duty by starting said train before the expiration of such reasonable length of time, whether the conductor or person in charge of the operation of said train knew or not of plaintiff's position of peril, because, until the expiration of such time, it was his duty to see and know. When, however, the train has stopped for the required length of time, the rule obtaining is different from that applying to street railroads, and the conductor in charge of the train, in the absence of knowledge or good reason to believe to the contrary, has a right to assume that all passengers desiring to alight have availed themselves of the ample opportunity afforded them to that end, and alighted; and his act in thereafter starting off the train

could not form the basis of an action for negligence—although but for the act the plaintiff would not have been injured—unless at the time he gave the signal to start plaintiff was in a position of peril, which was known to him, or which he had good reason to know of. His duty to know, however, ended with the expiration of the reasonable length of time he was required to and did hold the train. After that, a liability for negligence must be predicated, not upon this duty to know, but upon actual knowledge of, or good reason to believe, plaintiff's peril.—*H. A. & B. B. Co. v. Burt,* 92 Ala. 294, 9 South. 410, 13 L. R. A. 95; *Birmingham Union Ry. Co. v. Smith,* 90 Ala. 60, 8 South. 86, 24 Am. St. Rep. 761; *Montgomery & Eufaula R. Co. v. Stewart,* 91 Ala. 421, 8 South. 708; *L. & N. R. R. Co. v. Lee,* 97 Ala. 325, 12 South. 48; *Central R. R. & Banking Co. v. Miles,* 88 Ala. 262, 6 South. 696; *Nash., C. & St. L. Ry. v. Casey,* 1 Ala. App. 347, 56 South. 28; *B. & A. R. Co. v. Norris,* 4 Ala. App. 368, 59 South. 66.

As was said by the elder McClellan, speaking for our Supreme Court in the case of *Birmingham Union Ry. Co. v. Smith, supra*: "The law * * * imposes on the conductor the duty of holding the train at the station for such a reasonable length of time as will enable passengers for the station to alight by the exercise of ordinary diligence on their part. It is not practicable for him to keep a watch upon all the exits from a train of cars. Not infrequently he has other things to do at stations where his train stops. The law, therefore, does not impose on him the duty of seeing and knowing that all of the passengers, intending to do so, have alighted. Unless he knows, or has good reason to believe to the contrary, he may act upon the presumption that passengers have availed themselves of the ample time allowed, and gotten off the train." In the later case of *Highland Avenue & Belt R. Co. v. Burt, supra,* our Su-

[Central of Georgia Ry. Co. v. Mathis.]

preme Court, again speaking to this subject, said: "When the train of an ordinary railroad is brought to a standstill at the proper and usual place for receiving passengers, and for permitting passengers to alight, and remains stationary for a reasonably sufficient length of time for this purpose, the duty of the trainmen in this regard has been performed; but, while the performance of this duty may relieve the trainmen from the further duty of seeing and knowing that the passengers are on or off, as the case may be, even this would not excuse from culpability, if those in charge of the train in fact saw or knew that its movement would probably imperil a passenger in the act of getting off or on the train, and, in disregard of the peril, caused the train to move, and thereby inflict injury."

For aught appearing to the contrary in the first count of the complaint here under consideration, the train which, it affirmatively appears, did stop at the station, stopped a sufficient length of time to allow plaintiff a reasonable opportunity to alight. If so, it was not negligence thereafter to start the train, unless at the time the plaintiff was in the act of disembarking or in other position of peril, and the fact was actually known to the trainmen in charge of the operation of the train, or unless they knew of facts from which there would be good reason to believe it. And while an action for simple negligence may be grounded either upon knowledge or upon a duty to know of a position of peril, yet an action for wantonness in inflicting the injury by starting the train, after it had stopped the required length of time, can be predicated upon nothing short of a knowledge of the perilous position that plaintiff was in at the time the train was set in motion.—*Anniston E. & G. Co. v. Rosen,* 159 Ala. 207, 48 South. 798, 133 Am. St. Rep. 32; *So. Ry. Co. v. Bunt,* 131 Ala. 595, 32 South. 507; *Peters v. So. Ry. Co.,* 135 Ala. 537, 33 South. 332.

If the train did not stop the required length of time, but started before the expiration of such time, then wantonness on the part of those in charge of its operation may, of course, be grounded upon the knowldege by them of such general circumstances and conditions as from which they were bound to know that passengers were likely to be embarking, and that their conduct in starting the train would probably result in injury to them.—*H. A. & B. R. R. Co. v. Robbins*, 124 Ala. 116, 27 South. 422, 82 Am. St. Rep. 153. In either event, however, in order to constitute wantonness, there must not only be this knowledge of the actual peril, or this knowledge of facts and conditions from which it must be known to likely exist, but the wrongful act resulting in the injury to the passengers so circumstanced must have been intentionally done, and done, too, through a present consciousness of its probable consequences and a reckless indifference thereto.—*Mobile, J. & K. R. R. Co. v. Smith*, 153 Ala. 131, 45 South. 57, 127 Am. St. Rep. 22; *Memphis & Charleston R. Co. v. Martin*, 117 Ala. 382, 23 South. 231.

It is plain, therefore, that the count under consideration—the first count of the complaint—whether treated as a count for wantonness or as one for simple negligence, is defective, in that, while it undertakes to set out the facts, it fails to aver facts sufficient to constitute either (*So. Ry. Co. v. Weatherlow*, 153 Ala. 176, 44 South. 1019) ; and, furthermore, it is repugnant and inconsistent, and otherwise badly involved and confused. It ascribes the injuries received to two acts of the defendant's servants—their act in starting the train, and their act in failing to stop it—and alleges in effect that each act was an act of negligence, and each an act of wantonness. A charge of wantonness and simple negligence in one and the same count makes it repugant and inconsistent.—*Merrill v. Sheffield Co.*, 169 Ala.

252, 53 South. 219; *Bir. Ry., L. & P. Co. v. Lee,* 153 Ala. 84, 45 South. 292.

We are of opinion that the demurrers sufficiently pointed out some of the many defects in the count for it to have been error on the part of the court to have overruled them. Nor was this error relieved of its injurious consequences by the fact that there were two other counts in the complaint which were good. Those two counts clearly declare alone upon simple negligence; while the count under consideration, at its conclusion, ascribes the injuries to wantonness alone, and was evidently treated during the course of the trial and went to the jury as a good count for such.

The court did not err in overruling the demurrers to the other two counts mentioned, which, as said, were good counts. Each averred facts out of which the duty on the part of the defendant to carry plaintiff safely sprang, and a negligent breach of that duty, without attempting to specify, as did the first count, the particular acts of diligence required or the particular acts of negligence complained of.—*Va.-Car. Chem. Co. v. Mayson,* 7 Ala. App. 588, 62 South. 253, and cases there cited.

The written charges refused to the appellant cannot be reviewed, for the reason that the bill of exceptions fails to show that they were requested before the jury retired.—*Patterson v. State,* 8 Ala. App. 420, 62 South. 1023.

The plaintiff, as a witness for herself, was allowed to testify, over the objection of defendant upon the ground that there was better evidence, to the fact that she bought a ticket at Slocomb (the station where she boarded the train) from that point to Malvern (another regular station on defendant's road, and the one at which she was injured in attempting to alight). The purpose of the proof was, not to show the contents of

the ticket, but merely its existence, from which fact arose the relation of carrier and passenger between plaintiff and defendant, as a result whereof the law imposed on defendant the duties for a negligent breach of which the action was brought. We are therefore of opinion that there was no error in overruling the objection to the question and answer.—*Griffin v. State,* 129 Ala. 93, 29 South. 782, 2 Ency. Evidence, 905, 906.

The other alleged errors are not likely to arise on another trial, and we therefore deem it unnecessary to consider them.

For the error pointed out, the judgment is reversed. Reversed and remanded.