[Empire Coal Company v. Gravlee.]

# Empire Coal Company *v.* Gravlee.

## *Personal Injury Action.*

(Decided December 18, 1913.   64 South. 207.)

1. *Evidence; Hearsay.*—The statement of a person to his physician at the time of consultation, after leaving the train, as to who was responsible for the injury, and how it occurred, was not admissible as original evidence of such facts, being hearsay for that purpose.

2. *Same; Res Gestae.*—A statement by an injured passenger in narrating the circumstances of the accident that he called a passenger's attention to the jerk of the train, after the deadening sensation felt in his neck after the jerk of the train, being a spontaneous result of the accident, was admissible as of the res gestae.

3. *Same; Injury; Admissibility.*—Where a witness had stated that plaintiff had lost ten or fifteen pounds in weight after the accident, a question to the witness whether he had ever lost ten or fifteen pounds was not relevant.

4. *Damages; Evidence; Physical Condition.*—It was competent for the physician who attended the plaintiff after his injuries to describe the objective and subjective symptoms found when examining the plaintiff.

5. *Appeal and Error; Harmless Error; Evidence.*—Where the fact was not disputed, and was established by other evidence, it was harmless error to permit the attending physician to state, after describing plaintiff's symptoms that plaintiff said he received his injuries on the train.

6. *Same.*—Where the physician was asked whether he did not diagnose the case at the time as a broken bone, his evidence that he told plaintiff that it might be such, and thought probably it might, and "that is what I shall think" was not prejudicial if erroneous, on the ground that the physician's opinion at the time of the accident was immaterial.

7. *Same; Review; Presumption.*—Where the bill of exceptions fails to show that a charge was requested before the jury had retired, it will be presumed that the charges were refused because not requested in time, all reasonable presumptions being indulged in support of the rulings of the trial court.

8. *Same; Assignment; Sufficiency.*—The assignment relative to certain portions of the oral charge set out and examined and held not sufficiently definite as to the part of the oral charge excepted to to authorize a consideration of it.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

[Empire Coal Company v. Gravlee.]

Action by George W. Gravlee against the Empire Coal Company, for damages for injuries received on one of its trains. Judgment for plaintiff and defendant appeals. Affirmed.

BANKHEAD & BANKHEAD, for appellant. The court erred in permitting the physician to state that when he called on Gravlee he told him he got hurt on the train.—*Pitts v. State*, 140 Ala. 70; *Jernigan v. Clark*, 134 Ala. 315; *Harkness v. State*, 129 Ala. 71; *Bir. U. R. R. Co. v. Hale*, 90 Ala. 8. On these same authorities, the court was in error in its other rulings on the evidence. The court was in error in refusing the charges requested.—*So. Ry. v. Crowder*, 130 Ala. 263; s. c. 135 Ala. 428. The oral charge was error.—*K. C. M. & B. v. Thornhill*, 141 Ala. 215.

HARSH, BEDDOW & FITTS, and RAY & COONER, for appellee. There was no error in the admission of evidence.—*Nordan's Case*, 143 Ala. 23; *K. C. M. & B. v. Matthews*, 142 Ala. 310; *B. R., L. & P. Co. v. Moore*, 151 Ala. 331; *K. C. M. & B. v. Butler*, 143 Ala. 264; *Armstrong v. Mont. St. Ry.*, 123 Ala. 247. There was no error in the oral charge, or if error, it was not sufficiently pointed out by the assignment.—*Rutledge v. Rowland*, 161 Ala. 118. It does not appear that the charges were requested before the jury retired, and it appears that they were abstract.—*Pearson v. Adams*, 129 Ala. 159; *Ala. C. G. & A. Ry. v. Cox*, 173 Ala. 630.

THOMAS, J.—This suit is by the appellee against appellant for personal injuries received by the former while a passenger on one of the latter's trains, as the result of a violent and unusual jerk of the train, whereby he (the plaintiff), who was sitting on a seat in the passenger coach, was so violently jarred and jerked that

[Empire Coal Company v. Gravlee.]

the tendons or ligaments and cartilages in the back of his neck were strained and sprained, causing immediate pain and a slight swelling at the base of the skull. After leaving the train, he sought treatment from physicians; but all of his symptoms were entirely subjective, except this slight swelling, which was the only objective symptom of his trouble. Without some history of it, under these circumstances, we cannot well conceive how the physician could have intelligently diagnosed and treated it. The facts and circumstances, however, then related by the plaintiff to his physician, in giving that history, as to how it occurred, could not, of course, be proved on the trial as original evidence for the plaintiff. Such would be but mere hearsay, and permitting the plaintiff to make evidence for himself by his narration of a past fact; but we are of opinion that there was no injury, if error, in this case in the action of the court in permitting the physician, after describing and giving the objective and subjective symptoms of plaintiff, which was unquestionably proper (*Eckles v. Bates,* 26 Ala. 655; *Montgomery St. Ry. Co. v. Shanks,* 139 Ala. 501, 37 South. 166; *Birmingham Ry., L. & P. Co. v. Rutledge,* 142 Ala. 203, 39 South. 338; *Gregory v. State,* 148 Ala. 573, 42 South. 829; *Birmingham Ry., L. & P. Co. v. Moore,* 151 Ala. 331, 43 South. 841; *Stowers Fur. Co. v. Brake,* 158 Ala. 647, 48 South. 89), to state further the bare fact that "plaintiff said he received the injuries on the train" (*Birmingham Union Ry. Co. v. Hale,* 90 Ala. 10, 8 South. 142, 24 Am. St. Rep. 748.) There was no dispute on the part of defendant of the fact, established by an abundance of other evidence for the plaintiff, that the latter did receive his injury on the train. The only conflict in the evidence was as to whether or not it was caused by the negligence of defendant. The statement quoted does not ascribe the injury either to the

[Empire Coal Company v. Gravlee.]

defendant or to its negligence—in fact, it does not even affirm that it was on defendant's train that the injury was received—and we cannot understand how, under the circumstances here, it could possibly have prejudiced defendant's case, even if it was error to admit the statement. However, in the case of *Birmingham Union Ry. Co. v. Hale,* last cited, our Supreme Court held it was not error to permit the physician who attended the plaintiff to testify that when he first saw her "she was complaining of pain from an injury she said she had received." The only difference between that statement and the one here is that there the place where the injury occurred was not given, while here it is given as having happened on the train, without stating, however, which or whose train, or when or where. It strikes us that the difference between the two statements is not material in the particular under consideration.

The plaintiff, over a general objection of defendant, asked one of the physicians who attended plaintiff this question, "Did you not diagnose the case at the time as a broken bone?" (referring to a cartilage bone, or ossified cartilage, between the neck bones), and received from the witness this answer, "I told him that it might be; I thought probably it might; * * * that is what I still think." The only argument in appellant's brief in support of his assignment of error predicated on the above objections is this: "What he [the physician] thought about the case at that time was entirely immaterial and illegal. The proper inquiry was: "What was his opinion at the time of the trial?" It appears, as will be observed from the foregoing quotation we give from the physician's answer, that his opinion at the time of the trial was the same as his opinion at the previous time referred to; hence no injury, if error, resulted from permitting the question and answer.

The fifth assignment of error is based on the action of the court in overruling appellant's motion to exclude the following statement of plaintiff made by him as a witness, and in the course and as part of his general narrative of the occurrence of the accident: "After the deadening [referring to the sensation he felt in his neck immediately after the jerk of the train] passed off, I called Mr. Ship's attention to it" (meaning the jerk— Mr. Ship being a passenger on the same train, and sitting on a seat near plaintiff). We think the statement admissible as a part of the res gestæ, in that it appears with reasonable certainty that the declaration to Mr. Ship was produced by and instinctive upon the occurrence to which it related.—*Nelson v. State,* 130 Ala. 83, 30 South. 728, and authorities there cited.

A witness for plaintiff, in testifying to the latter's decline in health following the accident, stated that plaintiff lost 10 or 15 pounds; whereupon defendant's counsel asked him if he (the witness) "had ever lost 10 or 15 pounds." We cannot see how, if he had, it would be relevant to any issue in the case, and the court did not err in sustaining an objection to the question.

The refusal of the court to give several charges requested by appellant in writing is assigned as error; but it does not appear from the bill of exceptions that the request was made before the jury retired to make up their verdict, and it will therefore be presumed, in favor of the ruling of the trial court, that the charges, if otherwise good, were refused for this reason.—*Patterson v. State,* 62 South. 1026; *Hubert Morgan v. State,* 63 South. 21; *Donahoo & Matthews v. Tarrant,* 1 Ala. App. 446, 55 South. 270; 2 Mayf. Dig. 576.

It affirmatively appears from the record that the portion of the oral charge excepted to, which forms the basis of the seventh assignment of error, was subsequently, and before the jury retired, corrected by the

court at the request of appellant in a written instruction directing them specifically to disregard that portion of the charge, setting it out.

The other portion of the court's oral charge which was excepted to, and which is assigned as error in the eighth ground of assignment, is not sufficiently definite and specific to constitute a valid assignment of error. It reads: "The court erred in that portion of its oral charge set out at the bottom of page 33 numbered B." Upon turning to the page referred to of the record, we find that it contains a continuation of the oral charge of the court, which is set out in full in the record, commencing on a previous page, and covering page 33 and several subsequent pages. On page 33 we do find a "B"; but one written in the margin of the record. How much of the court's oral charge constitutes "B" we are unable to clearly see. Where "B" starts in the charge is probably plain, but where "B" ends cannot be determined. We infer that the use of the "B" was to point us to the beginning of that portion of the charge excepted to, intending the exception as ground in the record to make the assignment of error clear and definite. This exception, which is set out in the midst of the oral charge as copied in the transcript, reads: "The defendant then and there excepted to the court's giving that part of the oral charge included in the parentheses above." We find only one parenthesis—the first only— and the last, if in the original bill of exceptions, was omitted from the transcript copy of it. We might be able to guess, but we are certainly unable to determine with any safe degree of certainty, what particular portion of the court's oral charge we are asked to review.

We find no error in the record, and the judgment is affirmed.

Affirmed.