# Reid *v.* McElderry.

## *Assumpsit.*

(Decided May 12, 1914.  65 South. 421.)

1. *Appeal and Error; Presumptions; Omission From Record.*— Where the bill of exceptions recited that the evidence therein set out was substantially all of the evidence, and all that the evidence tended to show, except certain papers and account books that were offered in evidence, the appellate court will presume that the omitted evidence supported the finding of the trial court.

2. *Same; Review; Questions of Fact.*—When a case is tried without a jury and no special finding is requested or made the trial judge's conclusion will be given the same effect as a verdict of the jury and will not be disturbed on appeal unless the evidence plainly and palpably fails to support the verdict.

3. *Set-Off and Counter Claim; Burden of Proof.*—Where a defendant did not dispute the claim set up by plaintiff but sought to set off against it, the demand asserted by him in his suit against plaintiff, tried with the suit by plaintiff against defendant, the defendant had the burden of proving the counter claim.

APPEAL from Talladega City Court.

Heard before Hon. CECIL BROWNE.

Action by G. T. McElderry against T. W. Reid in assumpsit, which was tried with an assumpsit action by Reid against McElderry by agreement and so submitted here.  From a judgment for McElderry Reid appeals. Affirmed.

RIDDLE & BURT, for appellant.  Plea No. 3, upon which issue was joined is in the nature of a plea of set-off, and was proper in this action, as there

was mutuality of debts or demands.—*Drennen v. Gilmore,* 132 Ala. 248. A plea of set-off is a counter demand of a defendant against a plaintiff, the object of which is to liquidate the whole or a part of plaintiff's demand and is in the nature of a cross-action.—*Washington v. Timberlake,* 74 Ala. 259; *Brazier v. Fortune,* 10 Ala. 516; *Carew v. Northrup,* 5 Ala. 367. The Supreme Court or Court of Appeals in reviewing a finding of a court, on the evidence, will be governed by the principals which govern nisi prius courts in setting aside a verdict of a jury and granting a new trial.— *L. & N. R. R. Co. v. Solomon,* 127 Ala. 189; *Dargan v. Harris,* 68 Ala. 144.

HARRISON & WELCH, for appellee. The court will presume that the omitted evidence as shown by the bill of exceptions sustained the finding of the trial court. —*Shafer v. Hausman,* 139 Ala. 237; *Hunnicutt L. Co. v. M. & N. O. R. R. Co.,* 2 Ala. App. 436. The finding of a judge sitting without a jury where no finding of facts is requested or made will be given the same force and effect as the verdict of a jury, and will not be disturbed unless the evidence plainly and palpably fails to support it.—*Montgomery Lodge v. Massie,* 159 Ala. 437; *Bass & Heard v. Clements,* 60 South. 443; *Shannon v. Lee,* 60 South. 99. It is unquestionably true that defendant had the burden of establishing his plea of set off.

WALKER, P. J.—This is an appeal from a judgment rendered by the court sitting without a jury. This suit and a suit brought by the defendant against the plaintiff were heard together; the same evidence being submitted in each of the cases. The evidence without conflict showed that the defendant owed the plaintiff for

the rent of land the amount for which the judgment appealed from was rendered; the defendant's reliance being upon the demand asserted in the suit brought by him, which was sought to be set off against the demand of the plaintiff. The counterclaim of the defendant was that the plaintiff was owing him a considerable balance on an accounting of certain dealings between them.

The evidence as to this counterclaim which is set out in the bill of exceptions is very conflicting; that offered by the defendant tending to prove that there was a balance due to him, and that offered by the plaintiff tending to prove that he did not owe the defendant anything. The bill of exceptions does not purport to set out all the evidence in reference to the counterclaim of the defendant. It shows that there was considerable documentary evidence before the court, which is not copied or set out, the recital at the conclusion of the statement of the evidence being that "the foregoing was substantially all of the evidence in this case, and all the evidence tended to show, except certain papers and commissary account books shown by the bill of exceptions to have been offered in evidence." In this state of the record the presumption may be indulged that the omitted evidence was such as to support the finding of the trial court.—*Shafer & Co. v. Hausman*, 139 Ala. 237, 35 South. 691; *Hunnicutt Lumber Co. v. Mobile & Ohio R. Co.*, 2 Ala. App. 436, 57 South. 73; *Sloss-Sheffield Steel & Iron Co. v. Redd*, 6 Ala. App. 404, 60 South. 468.

But, without regard to such omitted evidence, one phase of that which is set out is such as to support the finding of the court against the counterclaim asserted by the defendant. When a case is tried without a jury, and there is no special finding of facts, nor a request for such a finding, the conclusion of the judge has the

effect of a verdict of a jury, and, if it was supported by evidence, is not subject to review on appeal.—*Montgomery Lodge, No. 596, B. P. O. E. v. Massie,* 159 Ala. 437, 49 South. 231; *McIntyre Lumber & Export Co. v. Jackson Lumber Co.,* 165 Ala. 268, 51 South. 767, 138 Am. St. Rep. 66; *Bass & Heard v. Clements,* 6 Ala. App. 167, 60 South. 443. The burden was upon the defendant to prove his counterclaim. As above stated, the evidence in reference to it was conflicting. We cannot undertake to review the action of the court in passing on that conflicting evidence, consisting largely of the oral testimony of witnesses. The bill of exceptions showing that the uncontroverted evidence supported the claim of the plaintiff, and that the evidence as to the defendant's counterdemand was conflicting, it follows that the assignment as error of the court's finding and judgment cannot be sustained.

Affirmed.