[Deslandes v. Scales, et al.]


# Deslandes *v.* Scales, *et al.*

*Assumpsit.*

(Decided May 14, 1914.   65 South. 393.)

1. *Pleading; Demurrer; Stating Objections.*—The rule announced by section 5340, Code 1907, must be strictly observed, and a demurrer is properly overruled where the only ground remotely approaching exactness of specification departs from the averments of the complaint by assuming to contradict it.

2. *Landlord and Tenant; Repair and Improvement; Failure to Make; Damages.*—Damages resulting to the tenant from a failure to secure, or for loss of, boarders because of the landlord's failure to repair, being special in nature and not naturally and inevitably following the breach of covenant to repair, were not recoverable although averred, where the complaint stated no special circumstances rendering the landlord liable therefor, such as that he contracted with reference to the use of the house as a boarding house; especially where the lease provided that the house should be used as a dwelling only.

3. *Same.*—Loss of profits from the boarding house conducted by the tenant because of the landlord's breach of covenant to repair was speculative and not recoverable; the profits of such business being uncertain and depending upon many circumstances.

4. *Same; Instructions.*—Charges asserting that the landlord was not liable if he put the premises in reasonably good condition should have been given, as there was no necessity of making them conditional on the repairs having been made within a reasonable time; the complaint merely alleging that the repairs were not made.   Neither were they faulty in the use of the words "reasonably good condition" where those were the terms employed in the complaint.

5. *Damages; Evidence.*—One of the recognized means of questioning the recoverability of averred elements of damage is appropriate objections to evidence, and the mere fact that such elements were claimed in the complaint did not conclude defendant as in other matters of substance averred.

6. *Same; Certainty; Profits.*—As there is no criterion by which to estimate the amount of profits with proper certainty, recovery is denied as to such elements of damage, and not because they are profits.

7. *Appeal and Error; Exceptions; Necessity.*—Where no ground of objection to evidence is stated and no exceptions reserved, the court cannot review the question.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

[Deslandes v. Scales, et al.]

Action by J. A. Scales and another against Fannie Deslandes, for breach of covenant to repair. Judgment for plaintiffs and defendant appeals. Reversed and remanded.

The exceptions to evidence sufficiently appear from the opinion. The following are the charges mentioned:

Assignment 14: "If you believe from the evidence that the defendants caused the grates and fireplaces to be put in reasonably good condition, you cannot render any damages against plaintiff on account of the grates and fireplaces."

Assignment 15: "If you believe from the evidence that the grates, fireplaces, electric lights, and plumbing were put in a reasonably good condition, you must find for defendant."

Assignment 16: "You cannot award plaintiff any damages for any failure to get boarders."

Assignment 17: "If you believe the evidence, you cannot award plaintiff any damages for any loss of boarders."

The fourteenth ground of the motion for new trial was that the court erred in not immediately stating that the jury must not consider argument of plaintiff's counsel to the effect that the furniture was moved out of the house by a constable after defendant's counsel had objected to such argument.

ALLEN & BELL, for appellant. The court erred in overruling the demurrer to the complaint.—19 A. & E. Enc. of Law, 229; 87 Am. Dec. 233; 50 N. W. 343; Taylod Landlord & Tenant, § 361. The agreement to repair does not seem to have formed a part of the agreement to rent, and therefore the agreement to repair is a nudum pactum.—*Donnelly v. House,* 160 Ala. 325; 46 N. E. 85. Profits made on the boarders or which were likely to

[Deslandes v. Scales, et al.]

have been made are too uncertain and speculative to be proper elements of damage, and hence, the law will not permit proof of profits in such a case. The court, therefore, was in error in overruling defendant's objection to questions seeking to elicit proof of these profits.—*Culver v. Hill,* 68 Ala. 66; *Brigham v. Carlisle,* 78 Ala. 243; *Ogary v. Julian,* 34 Ala. 88; *Bromberg v. Eugenotto C. Co.,* 162 Ala. 397; 18 A. & E. Enc. of Law, 323, et seq., and cases cited. The court should have instructed the jury that plaintiff was not entitled to any damages for failure to get boarders.—*W. U. T. Co. v. Garthright,* 151 Ala. 413; *Kennon v. Wes. Union,* 92 Ala. 399; *Dougherty v. Am. Un. Tel. Co.,* 75 Ala. 168; *A. G. S. v. Tapia,* 94 Ala. 226. On the authorities above cited the court was in error in refusing the other charges requested.

HARSH, BEDDOW & FITTS, for appellee. There is no merit in the demurrers. First, because they fail to comply with the requirements of § 5640, Code 1907, and point out the defects.—*So. Ry. v. Weatherlow,* 164 Ala. 151; *M. T. L. Co. v. Brewer,* 165 Ala. 242; *Mobile E. Co. v. Canges,* 169 Ala. 341. The demurrers were not good for another reason, as the covenant declared on was not one to make repairs, but for a breach of covenant to fix the premises in a habitable condition with respect to the matters enumerated.—*Chambers v. Lindsey,* 171 Ala. 158; 52 L. R. A. 325. The gain prevented, if provable, may be recoverable in an action for breach of contract or covenant.—Sedgwick on Damages, § 171; 11 Mich. 542; *Smith v. Dinkelspeil,* 91 Ala. 531. The line of instructions requested by defendant have been frequently condemned by this court.—*Miller v. Garrett,* 35 Ala. 96; *Montgomery St. Ry. Co. v. Rice,* 142 Ala. 674; *So. Ry. v. Taylor,* 148 Ala. 52.

McCLELLAN, J.—The action is instituted by appellees against appellant. It claims damages for breach of covenants by the landlord in a lease of a dwelling house for that year beginning October 1, 1911, and ending September 30, 1912. It is averred in the complaint that appellant "agreed to do the following repairs on said house, viz.: To repair the columns and porch floor, and put fireplaces and grates, electric lights, and plumbing in reasonably good condition, and to repair a pantry in the kitchen." The breaches assigned are the failures 'to put" the plumbing, the fireplaces, the grates, the electric lights, "in reasonably good conditions." The judgment recites that "additional demurrers" to the complaint were filed October 28, 1912. No such demurrer appears in the transcript. The only demurrer to the complaint in the transcript is that filed July 30, 1912. In the instructive briefs filed for the appellant elaborate argument and citation of authority is devoted to the discussions of two imperfections which appellant contends exist in the complaint, viz.: The omission to aver the consideration or considerations supporting the covenants alleged to have been breached; and the omission to aver the *time* within which the fulfillment of the covenants alleged should have been accomplished.

Code, § 5340, provides:

"No demurrer in pleading can be allowed but to matter of substance, which the party demurring specifies; and no objection can be taken or allowed which is not distinctly stated in the demurrer."

Under these requirements, this court, as is familiar, has long maintained and enforced the practice whereby a very strict observance of the rule of the statute has been consistently required. The demurrer of July 30, 1912——the only one in the transcript—does not, in any of its grounds, specify the objections urged in the

briefs of appellant. The only ground that even remotely approaches the exacted specification in such pleading is the seventh ground. That ground is:

"For that it does not appear when defendant was to put in the fireplaces, grates, electric lights, and plumbing."

In pointing this ground, he departed from the complaint and the covenants therein averred, in that his ground assumed to contradict the complaint that the covenants were to install the fireplaces, grates, etc.; whereas, the covenants averred were to put those things in reasonably good condition—an allegation of assurance to *repair*, not to originally install.

The other assignments urged in brief for appellant touch rulings on the admission of evidence, instructions given the jury, and the argument of counsel.

The last-mentioned matter of urged error may be pronounced to be without merit on the authority of *B. R. L. & P. Co. v. Gonzalez.*, 183 Ala. 273, 61 South. 85.

In enumerating the damages resulting from the breaches averred, it is alleged in the complaint:

"Water leaked from the plumbing in said house, sewage leaked from plumbing in said house, said house was rendered greatly less fit as a place of residence and as a place of occupancy for human beings, was made uncomfortable and undesirable as a residence, and plaintiffs lost many boarders whom they were boarding in said house, and lost large sums of money that they otherwise would have made, and suffered great physical and mental inconvenience, annoyance, pain, and suffering, and the defendant sold a large amount of plaintiffs' furniture, to wit, furniture of great value, to wit, of the value of $500, for a small balance of rent, to wit, $50, and same was lost to plaintiffs."

It appears from the evidence that the plaintiffs (appellees) intended, when they leased the dwelling, which

was large, to conduct a boarding house, and did, upon assuming possesion, conduct a boarding house. That was their business. If, from any one or more of the breaches assigned, damage to the plaintiff's business resulted, manifestly they were special in nature, not naturally and inevitably attending the breaches averred, and hence could only be recoverable, if otherwise so entitled, in consequence of special circumstances giving rise to a liability therefor.—*Smith v. Dinkelspiel,* 91 Ala. 528, 8 South. 490.

As appears from the complaint, the claim, in part, is for loss of "many boarders," for failure "to get boarders whom they would otherwise have gotten as boarders," and for the loss of "large sums of money that they otherwise would have made." It is not alleged that defendant (appellant) contracted with reference to the *business* of conducting a boarding house or covenanted as alleged with that *business* in view. Indeed, the instrument of lease copied in the bill of exceptions provides that the "occupation" by plaintiffs should be "as residence, and not otherwise." So we think the item of evidence, to be mentioned, offered by and admitted for plaintiffs, evidences the proper interpretation of the complainant's claim in respect of boarders and the loss in that connection alleged to have ensued from the breaches averred, viz.: The loss of *profits,* not damage, *to* the *business* as such, that might otherwise have accrued to the tenants from the business.

Plaintiffs' counsel propounded this question to the witness Mary E. Scales:

"What profit did you make on each boarder per month?"

The objection was:

"That such profit was not a proper element of damages: that it was speculative."

The objection was overruled, and exception reserved. The answer was that $4 or $5 per month was the profit on each boarder. Appropriate objection to evidence is one of the recognized means of questioning the recoverability of elements of damages. Hence the mere fact of claim therefor in the complaint does not conclude the defendant as upon other matters of substance averred. There was testimony that the plaintiffs had "on an average 17 boarders while they were in the house, and before they, the boarders, began to leave." The plaintiffs went into possession October 3, 1911, and moved out January 4, 1912—approximately three months—when they broke up housekeeping on account of all the boarders leaving. The guests (boarders) were "both roomers and table boarders." With reference to the overruling of the objection stated, the status was this: A complaint asserting breaches of covenants to repair and damages in consequence, the damages claimed being of profits attending the loss of or failure to secure boarders because of the breach or breaches alleged. The question quoted could have no other objective than to show what profits were lost by the departure of the boarders. What she *had* made as profits per boarder per month was not, of course, an element of damage. So the purpose of the question was to present data from which it was intended an estimate of what plaintiffs would have made, in the form of profits, in the future by reference to what they *had* made in the past. Our conclusion is that the court erred in allowing the question. Profits are not, when denied recovery, so treated simply because they are profits. It is because "there are no criteria by which to estimate the amount with the certainty on which the adjudications of courts and the findings of juries should be based."—*Brigham v. Carlisle,* 78 Ala. 243, 56 Am. Rep. 28.

[Deslandes v. Scales, et al.]

The profits per boarder to a boarding house keeper are essentially uncertain and contingent and inevitably unstable. They must depend upon the cost of food material, coupled with the judgment and skill of the buyer in purchasing it; upon the economy practiced by the manager of the establishment; upon the character of menu regularly afforded; upon the number and wage and honesty of the servants employed; upon the actual number of boarders entertained for a definite period; the success of the management in collecting the amounts earned by the service furnished; upon the cost of heat, light, and water; and these are affected by the number of guests, the quantity of each supplied, and the absence of ill-considerate waste thereof by careless guests. And we add, though perhaps without necessity, that several of these factors of natural uncertainty and variableness are not avoided by the ascertainment of the *average* number of boarders.

The other question to Mrs. Scales was objected to; but no ground was stated. Under these circumstances error could not have been predicated of the ruling. However if properly grounded objection had been made, it would not have deserved to be sustained.

The special charges set out in assignments of errors 14 and 15 were erroneously refused. The complaint itself took no account of the *time* when, under the lease, the things covenanted to be repaired or put in condition should have been perfected. The complaint was probably deficient in that respect. But, not having averred the time within which the repairs should have been made, obviously the charges mentioned could not be subjected to the criticism that they omitted to hypothesize that the repair they describe was effected within a reasonable time. The complaint charges that the repairs were not made; not that the repairs were not made

[Norman v. Bullock County Bank.]

within a reasonable time. What the law will import into the contract which is silent as to time in this regard is, of course, a very different matter from importing into a pleading an important averment entirely omitted therefrom. So, too, these charges are not faulty in that they employ the phrase "'reasonably good condition"; that is the phrase the complaint employs.

The special charges set out in assignments 16 and 17 should have been given. Their refusal was error. The complaint contained no averments of such special circumstances as would allow the imposition of the special damages for "loss of boarders" on the theory that such damages were, because of special circumstances averred, within the contemplation of the parties.

For the errors stated, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and DE GRAFFENRIED, JJ., concur.