(75 South. 722)

EAST PRATT COAL CO. v. JONES.
(6 Div. 6.)

(Court of Appeals of Alabama. May 29, 1917. Rehearing Denied June 15, 1917.)

1. APPEAL AND ERROR ⊜═758(1)—BRIEFS—SUFFICIENCY.

Under Supreme Court rules 10 and 12 (175 Ala. xviii, 61 South. vii), regulating the contents of appellant's brief, etc., the Court of Appeals will not review errors not pointed out in appellant's brief in conformity with such rules, where appellee insists that other errors are waived.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3093.]

2. PLEADING ⊜═205(1) — DEMURRER — SUFFICIENCY.

Under Code 1907, § 5340, providing that objections not distinctly stated in the demurrer shall not be allowed, general demurrers are properly overruled.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 491.]

⊜═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. EXCEPTIONS, BILL OF ⊜═26—CONSTRUCTION.**

A bill of exceptions must be construed against the exceptor and given that construction which sustains the trial court.

[Ed. Note.—For other cases, see Exceptions, Bill of, Cent. Dig. § 33.]

**4. APPEAL AND ERROR ⊜═699(1)—RECORD—INSTRUCTIONS.**

A bill of exceptions reciting that the court "gave the following written charges requested" is insufficient to show such charges were read to the jury or that the jury was present when the charges were marked "Given."

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2928.]

**5. STATUTES ⊜═267(2)—RETROACTIVE OPERATION.**

Acts 1915, p. 815, relating to requested instructions, is inapplicable to cases tried before its effective date.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 351, 352.]

Appeal from City Court of Birmingham; C. W. Ferguson, Judge.

Action by Maggie Jones, administratrix, against the East Pratt Coal Company. Judgment for plaintiff, and defendant appeals. Affirmed.

A. & F. B. Latady, of Birmingham, for appellant. Allen, Bell & Sadler, of Birmingham, for appellee.

BRICKEN, J. [1] When this case was submitted, a motion to strike the appellant's brief was urgently pressed upon the court, on the ground that said brief was not in compliance with rules 10, 12, Supreme Court Practice (175 Ala. xviii, 61 South. vii). Upon hearing the motion, the court deemed the showing made by the appellant sufficient to warrant the overruling of said motion. It is now insisted by counsel for appellee that the failure of appellant to insist in the brief filed upon many of the errors assigned on the record was a waiver and abandonment thereof, and that this court is restricted in the consideration of the assignment of errors to those insisted upon in the appellant's brief which are presented in accordance with Supreme Court rules supra. It is the appellee's right to confine the errors to be reviewed to those properly urged in accordance with the rule, and in the instant case, the appellee standing upon her rights in this particular and insisting upon the waiver of other errors assigned, we will consider and discuss as grounds of reversal only those errors not waived or abandoned, as the rule does not require, neither do we feel called upon to undertake, a search for errors which counsel for appellant has not pointed out, as required by the rules governing the appellant in the preparation of his brief. Thomas Frazer Lumber Co. v. Henson et al., 4 Ala. App. 625, 58 South. 812; Ogburn-Griffin Groc. Co. v. Orient Ins. Co., 188 Ala. 218, 66 South. 434; L. & N. R. R. Co. v. Holland, 173 Ala. 675, 693, 55 South. 1001 et seq.; Dickens v. Dickens, 174 Ala. 345, 56 South. 809.

[2] The first assignment of error presented is the action of the court in overruling the demurrer to the complaint. The complaint stated a cause of action. Sloss-S. S. & Iron Co. v. Dunn, 9 Ala. App. 524, 63 South. 812. The demurrers interposed were general, and failed to assign distinct grounds on which they were based, and were therefore properly overruled. A demurrer must assign distinct grounds on which it is based, and if the grounds are not distinctly assigned, the demurrer is properly overruled. Code 1907, § 5340; Courts v. Happle, 49 Ala. 254; Central of Georgia Ry. Co. v. Joseph, 125 Ala. 313, 28 South. 35; Cook v. Rome Brick Co., 98 Ala. 409, 12 South. 918. The reason of the rule is that defects in pleading may be so distinctly pointed out that the party pleading may be apprised of the defects and have an opportunity to cure them by amendment if he can. Cowan v. Motley, 125 Ala. 369, 28 South. 70; Bryant v. A. G. S. R. R. Co., 155 Ala. 368, 46 South. 484; B. R., L. & P. Co. v. O'Brien, 185 Ala. 617, 64 South. 343; McGehee v. W. U. Tel. Co., 169 Ala. 109, 53 South. 205; L. & N. R. R. Co. v. Johnson, 162 Ala. 665, 50 South. 300.

[3, 4] The case was tried on the plea of the general issue, and while the facts in the case are not complicated, the evidence was in conflict on material matters relative to the plaintiff's right to recover, and was therefore properly submitted to the jury for its consideration. Many of the assignments of error are either abandoned or not discussed, but such assignments as are insisted upon relate to the action of the court in refusing special written charges requested by the defendant and in giving written charges requested by the plaintiff. The criticism herein contained relative to a noncompliance with the rules in the preparation of appellant's brief is applicable also to the bill of exceptions in this case. The bill of exceptions recites:

"The above and foregoing being substantially all of the evidence, the court, at the instance of the plaintiff, gave the following written charges requested."

Is this statement or recital sufficient to show that the charges complained of were ever read to the jury, or were taken out by the jury, or that the jury in any manner learned of the contents of these charges, or that the jury was present when said charges were marked "Given"? We do not think so, and are not prepared to place such a construction upon a recital of this character, in the face of the rule that a bill of exceptions must be construed against the exceptor, and that construction adopted which sustains the trial court rather than the opposite. Cent. of Ga. Ry. Co. v. Ashley, 159 Ala. 145, 48 South. 981; Richard v. Steiner, 152 Ala. 303, 44 South. 562; Kelly v. Burke,

⊜═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

132 Ala. 237, 31 South. 512; Cawley v. State, 133 Ala. 136, 32 South. 227; Empiré Coal Co. v. Gravlee, 9 Ala. App. 657, 64 South. 207; Patterson v. State, 8 Ala. App. 420, 62 South. 1026; Donahoo Case, 1 Ala. App. 446, 55 South. 270; Cent. of Ga. Ry. v. Mathis, 9 Ala. App. 643, 64 South. 197; Davis v. Clausen, 2 Ala. App. 378, 57 South. 79; Tice v. State, 3. Ala. App. 164, 57 South. 506; Long v. State, 2 Ala. App. 96, 57 South. 62; Reid v. McElderry, 10 Ala. App. 472, 65 South. 421; B. R., L. & P. Co. v. Gonzalez, 183 Ala. 273, 61 South. 80; Deslandes v. Scales, 187 Ala. 25, 65 South. 393; McCaskey Reg. Co. v. Nix, 7 Ala. App. 309, 61 South. 484; Alexander v. Smith, 180 Ala. 541, 61 South. 68.

The necessity for and absolute fairness of such a rule is illustrated, discussed, and upheld by the following cases: Deslandes v. Scales, 187 Ala. 25, 65 South. 393; Warble v. Sulzberger, 185 Ala. 603, 64 South. 361; Sloss v. Redd, 6 Ala. App. 404, 60 South. 468; Reid v. McElderry, 10 Ala. App. 472, 65 South. 421; B. R., L. & P. Co. v. Gonzalez, 183 Ala. 273, 61 South. 80; McCaskey Reg. Co. v. Nix, 7 Ala. App. 309, 61 South. 484; Moyer Case, 9 Ala. App. 254, 63 South. 13; Alexander v. Smith, 180 Ala. 541, 61 South. 68. In the case of Empire Coal Co. v. Gravlee, 9 Ala. App. 657, 64 South. 207, it was said in this connection:

"The refusal of the court to give several charges requested by appellant in writing is assigned as error; but it does not appear from the bill of exceptions that the request was made before the jury retired to make up their verdict, and it will therefore be presumed, in favor of the ruling of the trial court, that the charges, if otherwise good, were refused for this reason"— citing Patterson v. State, 8 Ala. App. 420, 62 South. 1026, and numerous other cases.

In the instant case, the charges set out in the bill of exceptions contain no indorsement whatever by the court, and it was the duty of the appellant, when he prepared his bill of exceptions, to show not only the action of the court in passing upon said charges, but also to state that these charges were given to the jury, or read to the jury, or requested before the jury retired, if such be the fact; and the bill of exceptions failing to do so, in view of what has◆been said, and of the long-established rule, this court must presume that such was not the fact. The recital in the bill of exceptions as to the action of the court on the written charges requested by the defendant simply says:

"Thereupon the defendant requested of the court in writing the following charges."

The bill of exceptions contains no statement as to whether the charges were given or refused, no indorsement by the trial judge as to its action upon the charges, nor any statement that they were requested before the jury retired; hence this court is not in a position to say that in all probability the long-established rule in this connection has been complied with; to the contrary, if the bill of exceptions fails to state affirmatively that either of these things have been done, it in effect states that neither has been done. Davis v. Clausen, 2 Ala. App. 378, 57 South. 79; Empire Coal Co. v. Gravlee, supra; Central of Ga. v. Mathis, 9 Ala. App. 643, 64 South. 197; and other authorities supra.

[5] While the rule herein announced with reference to special written charges has been changed by statute (Acts 1915, p. 815), this rule is not applicable to the instant case, as this case was tried before the passage of said act, and before said act became operative.

The assignments of error in this case being confined to the court's action in overruling the demurrers to the complaint, and in its rulings in connection with the written charges requested by plaintiff and defendant, and these questions having been disposed of in the only manner in which, under the law, we are authorized to dispose of them, and, there appearing no error in the record, the judgment of the lower court must be affirmed.

Affirmed.