# Watson *v.* Oxanna Land Company.

# Watson *v.* East Tenn., Va. & Geo. Railroad Co.

*Actions for Damages on account of Personal Injuries.*

1. *Action for personal injuries; when and against whom action lies; contributory negligence.*—A land company having built a hotel at a railroad station, which was used as an eating house for passengers, and having constructed two bridges, or platforms, over a small stream which ran between the hotel and the railroad track, using and keeping one of them in repair, while the other was used and was to be kept in repair by the railroad company, being built on its right of

[Watson v. Oxanna Land Co.]

; an action for damages lies against the railroad company, but against the land company, at the suit of a passenger, who, having one over the first bridge into the hotel, received personal injuries from a defect in the other as he was returning to the cars; nor is the passenger chargeable with contributory negligence, because he "could have seen the hole if he had been specially looking for it," when the evidence shows that the accident occurred by night, and that there was no light or other warning signal posted at the spot.

APPEALS from the City Court of Anniston.

Tried before the Hon. B. F. CASSADY.

Both of these cases were submitted together. In the lower court they were each tried without the intervention of a jury, and the court rendered judgment for the defendant in each case; and on these appeals the judgment in each case is assigned as error. The facts are set forth at length in the opinion.

KELLY & SMITH, for appellant, cited *O'Brien v. Tatum*, 84 Ala. 186; *R. R. Co. v. Arnold*, 84 Ala. 159; *Rwy. Co. v. Thompson*, 77 Ala. 448; *R. R. Co. v. McLendon*, 63 Ala. 266; *McCarlton v. F., I. & S. Co.*, 99 Mass. 216; *Cross v. Rwy. Co.*, 13 Amer. St. Rep. 399; *Parsons v. R. R. Co.*, 10 Amer. St. Rep. 450.

E. H. HANNA, for land company.

KNOX & BOWIE, for railroad company.

McCLELLAN, J.—These cases were submitted together as one case, and while perhaps they should not have been so submitted, they will be treated in one opinion, though separately for the most part.

They are actions by Watson against the Oxanna Land Co. and the East Tennessee, Virginia and Georgia Railroad Co., respectively, for personal injuries suffered by reason of a defect in a bridge on the right of way of the railroad company, and leading from its track, across a small stream, into a hotel of the land company, in which also were the ticket office and baggage room of the railroad company. The place was a regular station, and the hotel an eating house for passengers, on the E. T., V. & G. railroad. Plaintiff was a passenger on a train which stopped, as was usual, opposite the hotel for supper, and he got off the train, and went into the hotel to see a man by previous appointment, and not for the purpose of eating his supper. He went from the train into the hotel by another bridge which leads into the hotel proper, and was injured, while returning to the cars by the defective bridge

21

which leads to the railroad offices in the south part of the tel, and, along that end of the building, to the track of anotl railway on the opposite side. In the case against the land company the evidence was without conflict that the defendant had constructed both bridges. The one leading into the hall of the hotel was built for the use of passengers passing to and from trains, was under the control of the land company, and kept in repair by it. The other one, on which the injury occurred, was built for use in the handling and transfer of baggage between the two roads, and between the defendant road and the hotel. This bridge, though constructed by the land company, was on land belonging to the railway company, was turned over to it for the purpose stated, and was not under the control or in the care of the land company, and that company did not take upon itself the duty of keeping it in repair. For aught that appears, therefore, in the case of Watson against the land company, this bridge was a part of the ways or works of the railway company, put there for it by the land company, and maintained by the road for its own use and convenience. We can not conceive how the mere fact that the Oxanna Land Company had constructed the bridge, and presented it to the railroad, could impose any liability on that company for an injury not resulting from its construction, or from the fact of its being turned over to the road, but entirely from a failure of the railway company to keep the bridge in repair, a duty which, on this evidence, rested alone on that company. We, therefore, concur in the conclusion of the judge below—there being no jury—that plaintiff was not entitled to recover from the Oxanna Land Company, and the judgment in that case is affirmed.

In the case against the railway company, the evidence for the plaintiff consisted of his own testimony, which, with respect to the character, location and uses of the bridge, and the relations borne to it by the defendant company, is as follows: "The Oxanna hotel is situated between the tracks of the defendant's road and of the Georgia Pacific road, and has a hall through it east and west. Snow creek, a small stream, runs between the hotel and defendant's track. There is a platform along and parallel with defendant's track about one hundred and fifty feet long, which is connected with the hall through the hotel by a platform, and also by another platform running along the south end of the hotel to the Georgia Pacific railway track. This last mentioned platform is the one on which the accident occurred. Defendant's ticket office at Oxanna is in the south room of the hotel next to defendant's road; and the main entrance to said room is from and through the hall before mentioned; but this room also has an entrance

[Watson v. Oxanna Land Co.]

from said platform along the south end of the hotel, and the witness had often seen people enter the ticket office by both of said entrances. The water closet is next to this south door; and the ticket office room is also defendant's baggage room, and witness had checked baggage there, and seen others do so frequently. When trains stopped at Oxanna, one coach would be opposite the platform leading into the hall of the hotel and the other would be opposite the defective platform leading along the south end of the hotel upon which the ticket office opened on that side. Witness had frequently seen passengers go to and from the train of the defendant to said hotel along both of said platforms; but the entrance most generally used for passengers in getting on and off trains was through the hall in the hotel; and the rear platform, where plaintiff was hurt, was mostly used for transferring baggage from one road to the other by employès of the respective roads. On the night of the accident there were no lights on either of said platforms except the light which shone through the windows of the train and hotel. When he stepped into the hole he was walking toward the train and the light through the car windows rather blinded him, and he could not see the hole, but he could have seen it had he been specially looking for it. He stepped into the hole before he saw it, or knew it was there." Plaintiff also testified that the hole into which he fell was thirty-seven feet from the center of defendant's track. The only evidence on the part of the defendant consisted of a statement as to what two absent witnesses would swear, which plaintiff admitted as their testimony on the trial. This statement was as follows: "The platform at Oxanna station where plaintiff claims to have been injured was erected by the Oxanna Hotel Co. for the convenience and use of said company. Defendant did not consent to the erection of said platform, or undertake to maintain it. The hotel company erected it, and agreed to maintain it and keep it in repair for the use and convenience of its guests. There were lights on the platform and about the hotel every night and at the time plaintiff claims to have been injured; and he might have seen the hole in the platform if he had looked carefully."

It is, we think, a fair inference from all the evidence, though the fact is no where affirmatively stated in this case, that the defective platform was on defendant's right of way, else why should the matter of the defendant's consent to its erection be of importance, and why the agreement between defendant and the hotel company that the latter should maintain it, and keep it in repair ? Moreover, it may be said to be judicial knowledge that the rights of way of railways usually ex-

[Watson v. Oxanna Land Co.]

tend fifty feet on either side from the center of the track. But aside from this, the testimony of defendant's witnesses, even when accorded its broadest significance does not overturn plaintiff's evidence going to show that this platform was used as a part of defendant's station grounds at Oxanna for the purpose of transferring baggage to and from its own station offices and to and from the Georgia Pacific road. It seems clear, too, that one of the two routes from defendant's ticket office and baggage room, and one that was equally as direct as the other, and even more so where the purpose was to board the coach next the south end of the train, lay across this defective bridge or platform; and plaintiff's testimony that he had frequently seen passengers go to and from defendant's trains along this, as well as the other platform, is uncontroverted. The evidence does not inform us that the use of this platform by passengers was ever forbidden by the defendant. On the contrary, if the testimony of defendant's witnesses, admitted in the shape of the statement we have copied, is to be taken as referring to this platform, it was constructed for the purpose of being used and was maintained for the use of guests of the hotel in passing to and from the train. And as this hotel was an eating house for the trains of the defendant company, all travellers by such of defendant's trains as stopped there for meals were expected and invited by the company to cross over upon this bridge. On the other hand, if the statement of these witnesses in this respect has reference to the other platform described by the plaintiff, it relates throughout to that other platform alone, and leaves no evidence in the case as to the defective platform, the light upon it, &c., &c., except that of the plaintiff. So that in any view of their testimony, we feel quite safe in the conclusion that the route by the defective platform was a recognized way of ingress and egress to and from defendant's trains, open to persons passing not only from its station offices, but from the Georgia Pacific road, and it would seem from the town of Oxanna. Not only so, but it was upon defendant's right of way or station grounds. Whether erected by the defendant is wholly immaterial. Whether it had been defendant's habit to repair and maintain it, is likewise wholly immaterial. The defendant allowed it to remain there, a standing suggestion and invitation to its use by passengers. The suggestion was acted upon without objection. The invitation was accepted; and passengers frequently used this platform in going to and from trains. As long as this state of things continued, the duty to repair, maintain and to keep in a safe condition was upon the defendant. No previous omission of duty in this regard could justify the omission which

caused the accident complained of. It can not, of course, be tolerated that a duty of this sort resting on the railroad company could be lifted and devolved upon another by contract between them, so as to exonerate the company from any liability it would otherwise be under to third persons for the consequences of a failure to discharge the duty itself; and the defendant can have no advantage as against the plaintiff from the fact that the hotel company had undertaken to keep the bridge in repair. Moreover, to recur again to the statement admitted in evidence, it is not at all clear that the agreement of the hotel company to keep in repair pertained to the platform in question. But however that may be, the bridge was on the station ground of the defendant. It was a part of the recognized way leading to and from defendant's trains. It was in a dangerous condition. This condition was, or should have been, known to the defendant. Its failure to know the fact, or knowing it, its failure to repair the bridge, obviate the defect, and render passage upon it safe, was, reason and authority leave no room to doubt, such negligence on its part as to import a liability for the injury suffered by the plaintiff, unless his own negligence proximately contributed thereto. *M. & E. Rwy. Co. v. Thompson,* 77 Ala. 448; *S. & N. R. R. Co. v. McLendon,* 63 Ala. 266; *A. G. S. R. R. Co. v. Arnold,* 84 Ala. 159; *Cross v. L. S. & M. S. Rwy. Co.,* 69 Mich. 363; s. c. 13 Amer. St. Rep. 399.

Was the plaintiff guilty of contributory negligence? The *onus* was upon the defendant to prove it. The statement of defendant's witnesses as to the lights upon the platform is too vague and general to establish that fact against the minute testimony of the plaintiff, even if the fact of the bridge being lighted would, of itself, serve to impute a want of reasonable care to the plaintiff, which we need not decide. More than this, these witnesses have assumed to say that he might have seen the hole into which he fell "if he had looked carefully." Doubtless he could have seen it, if he had been looking for it, as this testimony may aptly be construed to mean—he says so himself; but to require him to look for a pitfall carefully where he had no reason to believe there was one, and where none should have been, would certainly be beyond any thing implied in the measure of care the law imposed upon him in the premises. Then again, this statement can not be read to the assurance that the witnesses are referring to the defective platform at all, and conceding that it does, it is not inconsistent with plaintiff's evidence to the effect that the only light about the place was such as shone through the windows of the hotel and cars. Contributory negligence is not, we conclude, made

[Anniston & Atlantic R. R. Co. v. Ledbetter & Farmer.]

out by this testimony. Of course, it could not be predicated of the fact that the plaintiff took this way to reach the train, it being, as we have attempted to show, a route which persons intending to take, or leaving, the train had a right to pass on. Nor can it be affirmed of the facts that while the train upon which plaintiff had come to Oxanna, and upon which he was going on beyond there, had stopped for supper, he left the cars and went into the hotel, not for the purpose of supping, but to transact some business with a party he was to meet there, and was injured while returning to the train from this business interview.—*Parsons v. N. Y. C. & H. R. R. R. Co.*, 113 N. Y. 355; s. c. 10 Amer. St. Rep. The defense of contributory negligence is not made out. The judgment of the City Court in the case last stated must be reversed, and the cause will be remanded.