# Central of Georgia Ry. Co. *v.* Campbell.

## *Damges for Injury to Passenger.*

(Decided February 5, 1914. 64 South. 540.)

1. *Carriers; Pasengers; Injury at Depot; Complaint.*—The complaint examined and held sufficient to sustain an action against the carrier for personal injuries to a passenger caused by the fall of the passenger down a flight of steps leading to the carrier's depot.

2. *Same; Duty of Carrier.*—It is the duty of a carrier of passengers to provide safe and convenient stations with safe means of ingress and egress, and if a person has the bona fide intention of taking passage and goes to a station for such purpose at a reasonable time, he is entitled to this protection from the moment he enters the carrier's premises.

3. *Same; Evidence.*—Where the action was by a passenger for injuries sustained while a passenger in falling down a flight of steps at the carrier's station, and it appeared that the passenger had a ticket at the time of the injury, questions as to the nature of the ticket, and where it entitled him to ride, were properly excluded.

4. *Same.*—Where a passenger fell down a flight of steps leading to the carrier's station, it was competent for such passenger to testify in an action for injuries thereby received that his side was injured and hurt him badly.

5. *Same; Jury Question.*—Where the evidence was conflicting as to how long before train time it was when the passenger fell down

the steps approaching the station, the question of whether the passenger had come to the station at an unreasonable time, was a question to be determined by the jury, since the carrier is not bound to keep its premises lighted at all times, but only a reasonable time before the arrival of trains, when passengers may be expected.

6. *Appeal and Error; Harmless Error; Pleading.*—Where demurrers were improperly sustained to special pleas which presented nothing more than the general issue, and the general issue was pleaded, such erroneous ruling was harmless.

7. *Same; Evidence.*—Where the court improperly refused to submit to the jury the question whether the passenger injured had come to the station an unreasonable length of time before train time, such error was not rendered harmless by proof that the steps down which the passenger fell were not lighted at all that night, as the fact that the steps were not lighted would not render a carrier liable for injuries occurring at a time when it was not bound to have them lighted.

8. *Same; Waiver.*—Assignments not insisted upon in arguments or brief are deemed waived, and will not be considered.

9. *Same; Review; Questions Presented.*—Where an appellant complains of the sustaining of demurrers to certain of its pleas by number, and the judgment entry not only recites the sustaining of demurrers to the plea but also the overruling of demurrers to the same plea, and the record contains only one plea of such number, and does not show in what way the pleas of those numbers were amended after demurrer sustained, no question is presented which can be reviewed on appeal.

APPEAL from Geneva Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by C. G. Campbell against the Central of Georgia Railway Company for damages for injury while a passenger. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The following is the complaint: Count 1. "Plaintiff sues to recover of defendant, the Central of Georgia Railway Company, a corporation, the sum of $2,000 for that on and prior to February 25, 1911, defendant was conducting and operating a railroad through Geneva county, Alabama., for the transportation of passengers to and from points on said railroad, among other things, and that on said date plaintiff, who resided in the town of Samson, in said state and county, through

which defendant's road runs, purchased from defendant, through its agent at Samson, what was commonly known and called a round trip ticket from Samson to Coffee Springs, and paid the usual and customary fare therefor; that such ticket entitled plaintiff to go from Samson to Coffee Springs, and return to Samson, both towns being situated in said state and county; that plaintiff boarded defendant's train at Samson on said day, and went to the town of Coffee Springs, the point of destination; that plaintiff intended to and did return to Samson on the night train operated by defendant, and passing Coffee Springs at 9 :40 p. m. Plaintiff avers that defendant maintains a station at Coffee Springs, and has a regular depot and place for the entrance of passengers to the said depot, from the town of Coffee Springs, and that defendant at said time and prior thereto maintained and kept up as a part of said depot a high embankment, that is to say, the depot or station is in a cut or place where the dirt was excavated, and which left on the west side of the depot, and towards the town of Coffee Springs, a high embankment, to wit, 15 feet high; the defendant for the purpose of passengers, and other persons having business with defendant, entering and leaving said station, maintains one set of steps leading up said embankment which passengers were expected to use in leaving and going to said depot; that on the night aforesaid the plaintiff, who had been paralyzed, was undertaking to go to said station for the purpose of taking passage on the train, passing at 9 :40 p. m., the plaintiff going at or near the time of said train, and within a reasonable time to catch said train.. And plaintiff avers that he was going the usual and customary route traveled by persons intending to take said train, which route was acquiesced in by defendant, and used with his knowl-

edge and consent; that the said night was very dark, and plaintiff was infirm, and reached said embankment, and missed the steps, and fell to the bottom of same, inflicting the following injuries: (Here follows catalogue of injury.) And plaintiff avers that said injury was occasioned as a result of the negligence of defendant in not properly lighting said steps and not maintaining a light by which plaintiff and other persons traveling that way for the purpose of taking passage on defendant's train could be enabled to see, and plaintiff avers that it was the duty of defendant to erect and maintain suitable light at said point for the convenience and safety of plaintiff, and other persons dealing with it." Count 2 makes the same allegation as to fact, with the additional allegation that it is not convenient or possible to reach the station except by the steps from the town of Coffee Springs, and that the steps were maintained on the land of defendant and were used as an entrance from and approach to said station. The same allegation of negligence is made in the second as in the first count.

The questions raised in the fifteenth and sixteenth assignment of errors are as follows: (15) "The error in overruling defendant's objection to the following question: What kind of a ticket was it?" (16) "Error in overruling defendant's objection to the following question: From Samson to Coffee Springs, and then from Coffee Springs back to Samson, was it?"

The following are the charges mentioned as refused to defendant: (30) "The court charges the jury that if plaintiff went to said station an unreasonable length of time before the time for the arrival of the train on which he was to take passage, and was injured, and that said injury occurred an unreasonable length of time before said arrival time, although plaintiff may

have been injured on the premises of defendant, still, in such event, he could not recover in this suit." (31) "The plaintiff had no right on the depot grounds or premises of defendant company on this occasion except to become a passenger on defendant's train, and to accomplish this he had the right to go to said station a reasonable length of time before the schedule time for said train to arrive."

B. F. REID, for appellant. The demurrers to the complaint as amended should have been sustained.—*M. & E. Ry. Co. v. Thompson*, 77 Ala. 458; *A. G. S. v. Godfrey*, 156 Ala. 202. The court erred in admitting evidence as to the character and nature of the ticket.— *Griffin v. State*, 129 Ala. 93; *C. of Ga. v. Clements*, 2 Ala. App. 520. Refused charges 30, 31 and 32 should have been given.—9 A. & E. Ruling Cases, 1096.

W. O. MULKEY, for appellee. The court properly overruled demurrers to the amended complaint.—*A. G. S. v. Godfrey*, 156 Ala. 202; *Watson v. E. T. V. & G.*, 92 Ala. 324; *M. & E. R. R. Co. v. Thompson*, 77 Ala. 456; 2 Hutchinson on Carriers, sec. 936. The action was not on the contract, and the evidence was merely collateral to the question at issue, and it was not necessary to produce the document. Counsel discusses other assignments relative to evidence and refused charges, but without citation of authority.

THOMAS, J.—The case was tried on counts 1 and 2 of the complaint, which fully state the facts, and to which demurrers were overruled, the action of the court in doing which is now assigned as error. We deem it unnecessary to discuss the points raised by the demurrers; since a mere reading of the counts mentioned will

show that each sets forth a good cause of action when considered in the light of the following cases, where every proposition of law contended for by appellant was settled adversely to it, after a most thorough discussion by our Supreme Court covering every phase of the legal principles here applicable.—*A. G. S. R. R. Co. v. Godfrey,* 156 Ala. 202, 47 South. 185, 130 Am. St. Rep. 76; *M. & E. Ry. Co. v. Thompson,* 77 Ala. 448, 54 Am. Rep. 72; *Watson v. East Tenn., etc., Ry Co.,* 92 Ala. 320, 8 South. 770.

Special pleas 5 and 6, to which demurrers were sustained, present nothing more than the general issue, and there was no injury, if error, in sustaining plaintiff's demurrers to them. All the facts alleged in them were provable under the plea of the general issue, which was on file. The defendant also assigns as error the sustaining by the court of demurrers to its pleas numbered 2, 2½, and 3. The judgment entry in this particular recites: "The demurrers of the plaintiff to defendant's pleas having been heard and considered by the court, it is ordered and adjudged that said demurrers be and they are hereby sustained as to pleas numbered 2, 2½, and 3. * * * The demurrers of the plaintiff to the defendant's amended pleas having been heard and considered by the court, it is ordered and adjudged that said demurrers be and they are hereby overruled as to amended pleas numbered 2, 2½, and 3." In the record we find only one plea bearing the number 2, only one bearing the number 2½, and only one bearing the number 3. Whether they are copied and appear in the record in the form in which they were originally filed or in the form as subsequently amended, we are unable to determine; since there is no record whatever of any amendment and no reference anywhere to the amendment of defendant's pleas, except in

the judgment entry which we have quoted. We assume therefore that the amendment to the pleas named was not made by a separate paper writing, but only by interlineations in the original pleas themselves. As the copy in the record does not show what the interlineations, if any, were, there is no way for us to tell whether the pleas named as there found are in their original or amended form; and hence we are unable to pass upon the question as to whether the court erred in sustaining the demurrers to them in their original form—the demurrers to them in their amended form having, as shown, been overruled.

The foregoing disposes of the first, second, and third assignments of error. The fourth to the fourteenth, inclusive, and the seventeenth assignments—all predicated on objections to evidence—are not insisted upon in brief, and will not, therefore, be considered.—*Zavello v. Leitchtman,* 171 Ala. 68, 54 South. 537. The questions raised in the fifteenth and sixteenth assignments were decided adversely to appellant in the case of *Central of Ga. Ry. Co. v. Mathis,* 9 Ala. App. 643, 64 South. 197. There was no error in permitting plaintiff to state that his side was injured or hurt him badly.— *C. of Ga. Ry. Co. v. Clements,* 2 Ala. App. 523, 524, 57 South. 52.

It is the duty of the carrier to provide safe and convenient stations, and means of ingress to and egress from its cars; and if a person has the bona fide intention of taking passage by a train, and goes to a station at a reasonable time, he is entitled to protection in this respect from the moment he enters the carrier's premises.—*North Bir. Ry. Co. v. Liddicoat,* 99 Ala. 549, 13 South. 18; *L. & N. R. R. Co. v. Glasgow,* 179 Ala. 257, 60 South. 103; *Fremont, etc., R. Co. v. Hagblad,* 72 Neb. 773, 101 N. W. 1033, 106 N. W. 1041, 4 L. R. A. (N. S.)

254, 9 Ann. Cas. 1099. The present action is predicated upon the alleged negligence of the carrier in failing to light a walkway, on its premises, consisting of a flight of steps, leading from the street at the village of Coffee Springs down a high embankment to the carrier's station, and over which passengers were invited to go in reaching the station. The night being dark and the steps being unlighted, the plaintiff, in attempting to go down them, while en route to the station for the purpose of taking the train, fell down the embankment, receiving the injuries complained of. The plaintiff testified that this was about ten minute before the scheduled arrival of the night train upon which he intended to take passage, and that at that time neither the station nor the steps nor other parts of defendant's premises were lighted; but a witness for the defendant testified that it seemed to him that the accident happened about an hour before the time the train was due.

The defendant was not under duty to plaintiff, as a passenger, to keep its premises lighted at all times of the night, but only at such times as intended passengers were invited and reasonably expected to be there; that is, a reasonable time before the scheduled arrival of its trains, which may be different at different stations, and is dependent in each case upon a variety of circumstances. As to what was such reasonable time in the present case was a mixed question of law and fact, and we are consequently of opinion that the court should have given charges 30 and 31 requested by defendant.—*Murrell v. Whiting*, 32 Ala. 55; 23 Am. & Eng. Ency. Law, 585. The appellee urges that this error was without injury because it appears without conflict in the evidence that the steps mentioned were not lighted at all that night. Such a position is so clearly untenable as not to require discussion. If there was

no duty resting on appellant to have had the steps lighted at the time of the injury, then the appellee, injured in consequence of their not being lighted, has no cause of action, notwithstanding he would have had a cause of action if the injury had happened later when that duty did exist and as a result of its breach.

What we have said sufficiently disposes of all other questions in the case.

For the error pointed out, the judgment is reversed. Reversed and remanded.