(114 So. 218)

### LOUISVILLE & N. R. CO. v. McCUE.
(6 Div. 888.)

Supreme Court of Alabama. Oct. 20, 1927.

1. **Carriers ⚖247(5)—Departure of passenger from train to eat breakfast held not severance of relation and carrier's high degree of care arising therefrom.**

Where announcement was made by those in charge of passenger train, which stopped at intermediate station, that 20 minutes would be allowed for breakfast, plaintiff's departure to get breakfast did not constitute severance of the relation of passenger and carrier and high degree of care arising therefrom.

2. **Carriers ⚖275—Count disclosing relationship of carrier and passenger, duty arising therefrom, and negligent breach thereof, held good as against demurrer.**

Count alleging that plaintiff was a passenger for hire on train which stopped at intermediate station, that announcement was made by persons in charge that 20 minutes would be allowed for breakfast, that plaintiff left her infant child in charge of porter, and that before announced time elapsed the train departed without her, *held* to disclose relationship of carrier and passenger, duty arising therefrom, and negligent breach, and was not subject to demurrer.

3. **Carriers ⚖278(1)—Affirmative charge was properly refused, where, under conflicting evidence, carrier's negligence and passenger's contributory negligence was for jury.**

In passenger's action against railroad, affirmative charge for defendant was properly refused, where conflicting evidence of negligence of railroad in departing in less than announced time after passenger left train for breakfast, and contributory negligence of passenger, were questions for jury.

4. **Trial ⚖260(1)—Refusal of requested charges, substance of which was embraced in charges given, held not error.**

Refusal of requested charges, substance of which was embraced either in oral charge or in charges given at defendant's request, *held* not error.

5. **Carriers ⚖277(6)—$1,500 damages for train's departing ahead of announced schedule held excessive and reduced to $750.**

Where plaintiff at railroad's invitation departed from train for breakfast, leaving her three weeks old baby in charge of the porter, under announcement of defendant's servants that the train would wait 20 minutes, $1,500 damages to plaintiff because of train's departure ahead of announced time, which separated her from her child for two hours, and required an auto trip of 23 miles, *held* excessive and reduced to $750.

Appeal from Circuit Court, Jefferson County; Joe. C. Hail, Judge.

Action for damages by Mrs. F. J. McCue against the Louisville & Nashville Railroad Company and the Pullman Company. From a judgment for plaintiff and against the defendant Louisville & Nashville Railroad Company, that defendant appeals. Affirmed conditionally.

Count A alleges that the plaintiff was a passenger for hire on a train being operated by the defendants from Evansville, Ind., to Birmingham, Ala., on December 25, 1925, having with her an infant child three weeks of age; that "the train so operated by the defendants stopped at a station known as Guthrie, Ky.; that while said train was standing at said station the conductor or other agent of the defendants, whose name is to the plaintiff unknown, while acting within the line of his duty and scope of his employment as an agent, servant, or employee of the defendants, announced to the passengers then on board said train that said train would remain at said station, namely, Guthrie, Ky., 20 minutes for breakfast, and that no breakfast would be served on said train; that at said time and said place a porter, whose name is unknown to the plaintiff, who at the time was an agent, servant, or employee of the defendants, and who at the time was acting within the line of his duty and scope of his employment as such agent, servant or employee of the defendants, took charge of the plaintiff's said infant child and the plaintiff's baggage and the plaintiff's purse containing plaintiff's tickets and other articles belonging to the plaintiff and necessary to plaintiff's traveling. Plaintiff avers that she left said train of defendants in company with the said conductor and other passengers then on said train and together went to a restaurant nearby said station of Guthrie, Ky., for breakfast. Plaintiff avers that while she was eating breakfast, and before the expiration of said period of time, to wit, 20 minutes as announced by said conductor, said train of the defendants was negligently moved from said station, leaving the plaintiff at said station. Plaintiff avers that said infant child, together with plaintiff's said personal effects,

were carried on said train for a distance of, to wit, 50 miles; * * * that she was compelled to hire a taxicab and drive a distance of, to wit, 50 miles to regain her said infant child and personal effects," etc. It is further averred that the injuries and damages, as set forth, "were the proximate result of the negligence of the agent, servant, or employee of the defendants who were then and there in charge of said train, which said negligence consisted in this: Said agents or employees of the defendants, without notice, did negligently remove said train from said station at Guthrie, Ky., before the expiration of the period of 20 minutes as announced by said conductor for obtaining breakfast at said station, thereby causing the damages complained of."

McClellan, Rice & Stone, of Birmingham, for appellant.

To state a cause of action the complaint should know a state of facts imposing a duty on the defendant toward the party injured, and an averment showing that a breach of the alleged duty proximately caused the injuries. Montgomery L. & W. P. Co. v. Thombs, 204 Ala. 680, 87 So. 205; Mobile L. & R. Co. v. Ellis, 207 Ala. 109, 92 So. 106. A common carrier is under no duty to announce the departure of a train, where the passengers have been notified when it would depart. 10 C. J. 939; Larson v. Chicago R. Co., 31 S. D. 512, 141 N. W. 353; Le Duc v. St. L., I. M. & S., 159 Mo. App. 136, 140 S. W. 758. A carrier is not required to place or keep a train on any particular track while at a station. C. R. & B. Co. v. Perry, 58 Ga. 461; Peniston v. Chicago Co., 34 La. Ann. 777, 44 Am. Rep. 444. It is the duty of a passenger intending to board a train to use due diligence in ascertaining the time of its departure. Flint & P. M. R. Co. v. Stark, 38 Mich. 714. There was no basis for punitive damages, and the verdict was grossly excessive.

Beddow & Ray, of Birmingham, for appellee.

The motion for new trial was properly overruled. Cobb v. Malone, 92 Ala. 630, 9 So. 738. The law does not furnish a standard for the admeasurement of damages for physical pain and mental suffering, in money, and such compensation must be left to the sound discretion of the jury. B. R., L. & P. Co. v. Coleman, 181 Ala. 478, 61 So. 890; L. & N. R. Co. v. Robinson, 213 Ala. 522, 105 So. 874; L. & N. R. Co. v. Frizzle, 21 Ala. App. 354, 108 So. 615; Spearman v. McCrary, 4 Ala. App. 473, 58 So. 927; Taxicab Co. v. Grant, 3 Ala. App. 393, 57 So. 141.

GARDNER, J. [1] The plaintiff in this action (appellee here) was a passenger on the defendant's train en route from Chicago, Ill., to Birmingham, Ala. Plaintiff's contention is that the train stopped at an intermediate station (Guthrie, Ky.) on the morning of December 25, 1925, for the purpose of allowing the passengers to get breakfast, the announcement being by those in charge that 20 minutes would be allowed therefor, and that before the expiration of said time and without notice, the train left this station, leaving plaintiff behind.

Plaintiff's temporary departure from the train for the purpose thus indicated, with the consent and by invitation of those in control, did not constitute a severance of the relation of passenger and carrier, and the high degree of care arising from such relationship continued. Cent. of Ga. R. Co. v. Storrs, 169 Ala. 361, 53 So. 746; Watson v. Oxanna Land Co., 92 Ala. 320, 8 So. 770; 10 C. J. 629; 2 Hutchinson on Carriers, p. 1166; Peniston v. Chicago, etc., R. R. Co., 34 La. Ann. 777, 44 Am. Rep. 444.

[2] Count A, upon which the cause was tried, sufficiently discloses this relationship, the duty arising therefrom, and a negligent breach thereof. The count was not subject to the demurrer interposed thereto. L. & N. R. R. Co. v. Robinson, 213 Ala. 522, 105 So. 874.

[3] The evidence was in sharp conflict; that of defendant tending to show the train remained at the station (though on account of the arrival of other trains, switched to another track) considerably beyond the period of 20 minutes as announced, and reasonably accessible to the passengers who had gone to the nearby restaurant for breakfast, and that ample notice was given just previous to its departure. The evidence for the plaintiff and the reasonable inferences to be drawn therefrom support the averments of the complaint, both as to the premature departure of the train, and that no notice thereof was given, and the argument to the contrary is without merit. The question of plaintiff's contributory negligence was clearly one for the jury's consideration. The affirmative charge was properly refused.

Due consideration has been given the insistence that a new trial should have been granted for the reason the verdict was contrary to the great weight of the evidence. The rule by which this court is guided upon questions of this character has been stated in the case of Cobb v. Malone, 92 Ala. 629, 9 So. 738, and subsequent decisions, and needs no repetition here. Suffice to say, under the guidance of the rule so announced, we are not of the opinion the ruling of the trial court should in this respect be here disturbed.

[4] A number of the assignments of error relate to the refusal of certain charges requested by the defendant. We find no necessity for a consideration as to the sufficiency

of these charges. They have been carefully read and considered by the court in consultation, and the conclusion reached that the substance of each of the charges, though expressed in variant language, is embraced either in the oral charge of the court or in some one of the several charges, given at defendant's request. Reversible error cannot, therefore, in any event be rested upon the action of the court in refusing any of these charges.

[5] It is strenuously insisted the verdict is excessive, and that a new trial should have been granted on this ground. Plaintiff had with her on this trip her child, three weeks old, which she left with the porter of the Pullman car upon going for her breakfast at the nearby restaurant. The porter evinced a friendly interest in the care of the child. Upon discovering she and her father, who accompanied her, were left, the agent at Guthrie was notified at once, and telegraphic communication with the train was put in motion, that the child and baggage be put off at a station called Springfield, and an employee of defendant drove plaintiff and her father through the country to this station in his car—a distance of 23 miles. There they found the baby well cared for and baggage also. Plaintiff was then separated from the child something over two hours. Plaintiff's anxiety concerning her child evidently formed the foundation for the amount of this verdict, as we do not conceive that the evidence as to slight physical injury was given any considerable weight by the jury. At Springfield they boarded another train, and arrived in Birmingham some several hours later. There was nothing in the evidence to justify any punitive damages, and, indeed, none were claimed. Compensation for the injury sustained is the only matter here to be considered. Fully mindful of the restrictive rule by which this court is governed upon questions of this character (Cent. of Ga. R. Co. v. White, 175 Ala. 60, 56 So. 574), we are nevertheless persuaded the verdict is so excessive and out of proportion to the damages suffered as to call for the remedial action of this court.

Upon consideration of the cause in consultation, the conclusion has been reached that one-half of the amount of the verdict constitutes ample compensation to the plaintiff. It will therefore be here ordered that upon plaintiff filing in this court, within 30 days, a remittitur of all amounts in excess of $750, the judgment will be affirmed; otherwise the cause will stand reversed.

Affirmed conditionally.

ANDERSON, C. J., and SAYRE and BOULDIN, JJ., concur.