50 So.2d 9

**DEATON v. McCLENDON.**

6 Div. 95.

Court of Appeals of Alabama.

Jan. 9, 1951.

Bland & Bland and F. E. St. John, all of Cullman, for appellee.

Mitchell & Galin, of Cullman, for appellant.

CARR, Judge.

This is a suit for personal injury damages growing out of a collision between two automobiles. In the court below there was a judgment for the plaintiff.

The assignments of error which are not stressed in brief of counsel will be deemed waived. Metropolitan Life Ins. Co. v. Chambers, 226 Ala. 192, 146 So. 524; Central of Georgia R. Co. v. Campbell, 10 Ala.App. 288, 64 So. 540.

Assignment of error number 5 attempts to raise the question which is argued in brief, but the assignment is not sufficiently specific to meet the demands of the rule. Harden, Inc., v. Harden, 29 Ala. App. 411, 197 So. 94.

528

We do have the argued matter as a ground in the motion for a new trial. Our review must be in response to the assignment that the court erred in overruling this motion.

It is here insisted that the appellee's attorney injected prejudicial matter in the case by references to appellant's insurance carriage.

The first incident about which complaint is made occurred during the cross examination of the appellant. The question was: "Do you remember his seeing—his saying and your replying in substance, as follows: That he asked you why you didn't come up there and help those follows, and you said your insurance policy didn't cover you while you were off the job, and you didn't want to get mixed up in it?"

The court first sustained the objection and then forthwith overruled it. The witness answered in the negative. To the last ruling appellant's counsel failed to interpose an exception.

■ The authorities are committed to the rule which provides that in the absence of the requisite exception, a motion for a new trial cannot supply the need nor serve the purpose. Smith v. Wolf, 160 Ala. 644, 49 So. 395; Thomas Bros. v. Williams, 170 Ala. 522, 54 So. 494; Bingham v. Davidson, 141 Ala. 551, 37 So. 738; McDuffie & Sons v. Weeks, 9 Ala.App. 282, 63 So. 739; McLendon v. Bush, 127 Ala. 470, 29 So. 56.

In brief appellant's counsel states: " * * * the defendant later attempted to cure the damages by showing that defendant's vehicle was leased to the B. & M. Express Co. and the defendant was not protected."

The question to which reference is made was propounded to the same witness on redirect examination. It is: "With reference to the insurance and the conversation, I will ask you if it isn't a fact that you don't have any liability insurance?"

The court sustained appellee's objection, and an exception was duly reserved.

■ It is to be noted that the inquiry here refers specifically to whether or not the appellant did, in fact, have any liability insurance. This related to an immaterial matter, and its admissibility was not justified by any evidence that had preceded.

We have responded to each question which is presented for our review.

It is ordered that the judgment of the court below be affirmed.

Affirmed.